MARIE M. MOFFAT (62167)
LAWRENCE C. YEE (84208)
MARK TORRES-GIL (91597)
DANIELLE A. LEE (223675)
**STATE BAR OF CALIFORNIA**
**OFFICE OF GENERAL COUNSEL**
180 Howard Street
San Francisco, CA 94105-1639
Telephone: (415) 538-2339
Fax: (415) 538-2321
Email: danielle.lee@calbar.ca.gov

Attorneys for Defendants The State Bar
Of California, State Bar Board of Governors,
Lawyers Assistance Program

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA (San Francisco)

| | |
|---|---|
| GREGORY A. MORRIS,<br><br>          Plaintiff,<br><br>v.<br><br>STATE BAR OF CALIFORNIA, et al.<br><br>          Defendants. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE BAR DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 3:07-cv-02890-EMC<br><br><br><br>Date:      March 12, 2008<br>Time:     10:30 _a.m.<br>Place:     Courtroom C, 15th Floor<br>Judge:    Hon. Mag. Edward M. Chen_____ |

# Table of Contents

**I. Introduction.** ................................................................................................ 1

**II. Background** ................................................................................................ 2

**A.  Summary of Morris' allegations against the State Bar Defendants.** ................ 2

**B.  The State Bar Defendants** .......................................................................... 3

*1.  The State Bar of California* ........................................................................ 3

*2.  The Board of Governors of the State Bar of California.* ................................ 3

*3.  The Lawyer Assistance Program* ................................................................ 4

*4.  Individual Defendant.* ............................................................................... 4

*5.  Doe Defendants.* ...................................................................................... 5

**C.  Morris's State Bar Discipline Proceedings.** .............................................. 5

*1.  Morris's Repeated Failure to Participate in his Discipline Hearings.* ............. 5

*2.  Morris' Multiple Violations of the Rules of Professional Conduct and the California Business and Professions Code.* .......................................................... 6

**III. Argument** ................................................................................................ 8

**A.  Rule 12(b)(1) Requires the Court to Dismiss Morris's Complaint For Lack Of Subject Matter Jurisdiction.** .......................................................................... 8

*1.  The Eleventh Amendment Bar's Morris's Suit.* ........................................... 8

a.  The Eleventh Amendment Bars All Claims Against the State Bar, its Board of Governors, the Lawyers Assistance Program and Trial Counsel .............................. 8

b.  The Eleventh Amendment Bars Morris's Title II ADA Claims as Well .................. 8

c.  The Eleventh Amendment Bars Morris's Claims Against the Individually Named State Bar Defendants Acting in Their Official Capacities ........................................... 9

*2.  Rooker-Feldman Jurisdictionally Bars Morris's Discipline Proceeding Claims* ............. 10

**B.  Rule 12(b)(6) Requires this Court to Dismiss Morris' Complaint Because the Facts Morris Has Pled Do Not State a Claim for Relief.** ........................................ 11

*1.  Morris Has Failed to Allege a Factual Conspiracy for a § 1985 claim Regarding His Lawyers Assistance Program Participation and his Discipline Proceedings.* ............. 11

*2.  Morris Fails to State a § 1983 Claim for His Discipline Proceedings Because He Alleges that State Bar Policy and Procedure Harmed Him.* ........................................ 12

i

*3.  Morris Cannot State a §1983 Federal Right Deprivation For His Lawyers Assistance Program Involvement and Program Termination.* ............................................................ 12

*4.  The State Bar Defendants Have Judicial Immunity for Attorney Discipline Proceedings.* 13

*5.  Res Judicata and Collateral Estoppel Bar Morris's Claims* ............................................. 14

*6.  Morris's Failed to Comply with the Government Tort Claims Act.* ................................... 15

*7.  Morris Cannot Maintain a Class Action Claim for Relief Because He Appears Pro Se.* . 16

*8.  Morris's Request for Injunctive Relief Is Improper and Should Be Denied* .................... 16

*9.  Morris Fails to State a Title II Claim for Relief because The State Bar Disbarred Morris for His Misconduct, not his Disability* ................................................................................ 18

*10. Morris Fails to State a Title II Claim because The State Bar Already Has Procedures and Policies in Place to Protect Mentally Ill Attorneys facing Discipline Charges.* ................ 19

**IV. Conclusion** ................................................................................................................... **21**

1

# Table of Authorities

2

3

## United States Supreme Court Cases

4

Bd. of Trust. of Ala. v. Garrett,
5
    531 U.S. 356, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001) .................................................... 9

6

Bell Atl. v. Twombly,
7
    ___ U.S. ___, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................................ 11, 12

8

D.C. Ct. of Appeals v. Feldman,
    460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) ............................................ 1, 10, 11

9

Edelman v. Jordan,
10
    415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974) ................................................ 10, 16

11

Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,
    544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) ...................................................... 11

12

Hafer v. Melo,
13
    502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) .......................................................... 10

14

Mireles v. Waco,
15
    502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) .................................................................. 13

16

Missouri v. Fiske,
    290 U.S. 18, 54 S. Ct. 18, 78 L. Ed. 145 (1933) ...................................................................... 8

17

Pennhurst State Sch. & Hosp. v. Halderman,
18
    465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) ................................................................ 8

19

Pulliam v. Allen,
    466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984) ........................................................ 17

20

21

Rooker v. Fidelity Trust Co.,
    263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923) ........................................................ 1, 10

22

United States v. Georgia,
23
    546 U.S. 151, 126 S. Ct. 877, 163 L. Ed. 2d 650 (2006) ...................................................... 9, 17

24

Will v. Mich. Dept. State Police,
    491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ............................................................ 8

25

## Ninth Circuit Cases

26

27

C.E. Pope Equity Trust v. United States,
    818 F.2d 696 (9th Cir. 1987)................................................................................................ 16

28

Cahill v. Liberty Mut. Ins. Co.,
    80 F.3d 336 (9th Cir. 1996) ........................................................................ 11

Chappel v. Robbins,
    73 F.3d 918 (9th Cir. 1960) ........................................................................ 13

Clark v. Wash.,
    366 F.2d 678 (9th Cir. 1966) ...................................................................... 13

Craig v. State Bar of Cal.,
    141 F.3d 1353 (9th Cir. 1998) .................................................................... 10

Giannini v. Real,
    911 F.2d 354 (9th Cir. 1990) ........................................................................ 9

Gupta v. Thai Airways, Int'l, LTD,
    487 F.3d 759 (9th Cir. 2007) ...................................................................... 14

Harvey v. Waldron,
    210 F.3d 1008 (9th Cir. 2000) .................................................................... 13

Hason v. Medical Bd. of Cal.,
    279 F.3d 1167 (9th Cir. 2002) ...................................................................... 9

Hirsh v. Justices of the Sup. Ct. of Cal. et al.,
    67 F.3d 708 (9th Cir. 1995) ......................................................... 8, 9, 13, 20

Lupert v. Cal. State Bar,
    761 F.2d 1325 (9th Cir. 1985), cert. denied,
    474 U.S. 916, 106 S. Ct. 241, 88 L. Ed. 2d 251 (1985) ............................... 8

MacKay v. Nesbett,
    412 F.2d 846 (9th Cir. 1969) ...................................................................... 10

Miller v. Rykoff –Sexton, Inc.,
    845 F.2d 209 (9th Cir. 1998) ...................................................................... 21

Miranda B. v. Kitzhaber,
    328 F.3d 1181 (9th Cir. 2003) .................................................................... 17

Mothershed v. Justices of Sup. Ct.,
    410 F.3d 602 (9th Cir. 2005) ...................................................................... 11

Nunes v. Ashcroft,
    348 F.3d 815 (9th Cir. 2003) ...................................................................... 21

Olagues v. Russoniello,
    770 F.2d 791 (9th Cir. 1985) ...................................................................... 17

Pena v. Gardner,
    976 F.2d 46 (9th Cir. 1992) ................................................................... 8, 10

iv

Peterson v. Jensen,
    371 F.3d 1199 (9th Cir. 2004).................................................................. 13

Phiffer v. Colum. River Corr. Institute,
    384 F.3d 791 (9th Cir. 2004)..................................................................... 9

Price v. Akaka,
    928 F.2d 824 (9th Cir. 1990)................................................................ 9, 12

Rosenthal v. Justices of the Sup. Ct of Cal.,
    910 F.2d 561 (9th Cir. 1990)............................................................. 3, 9, 20

Saul v. United States,
    928 F.2d 829 (9th Cir. 1991).................................................................. 21

Thompson v. Holy Family Hosp.,
    121 F.3d 537 (9th Cir. 1997).................................................................. 18

W. Mining Council v. Watt,
    643 F.2d 618 (9th Cir. 1981).................................................................. 11

**Other Circuit Cases**

Doe v. Att'y Discipline Bd.,
    No. 95-1259, 1996 U.S. App. LEXIS 5727 (6th Cir. 1996) ............................ 18, 19

Seaborn v. Fla. Dept. of Corr.,
    143 F.3d 1405 (11th Cir. 1998)................................................................. 8

**District Court Cases**

Boykin v. Bloomsburg Univ. of Penn.,
    893 F. Supp. 378 (M.D. Pa. 1995) .............................................................. 8

Levanti v. Tippen,
    585 F. Supp. 499 (S.D. Cal. 1984) ........................................................ 13, 21

**California Supreme Court Cases**

City of San Jose v. Sup. Ct.,
    12 Cal.3d 447, 525 P.3d 701, 115 Cal. Rptr. 717 (1974)................................ 16

In re Att'y Discipline Sys.,
    19 Cal.4th 582, 7967 P.2d 49, 9 Cal. Rptr. 2d 836 (1998) ................................ 3, 10

In re Rose,
    22 Cal.4th 430, 993 P.2d 956, 93 Cal. Rptr. 2d 298 (2000) ............................ 3, 7, 15

People v. Barragan,
   32 Cal.4th 236, 83 P.3d 480, 9 Cal. Rptr. 3d 76 (2004) ....................... 14

Slaten v. State Bar,
   46 Cal.3d 48, 757 P.2d 1, 249 Cal. Rptr. 289 (1988).......................... 20

Vandenberg v. Sup. Ct.,
   21 Cal.4th 815, 982 P.2d 229, 88 Cal. Rptr. 2d 366 (1999) .................. 14

## California Appellate Cases

Bohrer v. Cty. of San Diego,
   104 Cal. App. 3d 155, 163 Cal. Rptr. 419 (1980) ................................... 16

Bostick v. Flex Equip. Co., Inc.,
   147 Cal. App. 4th 80, 54 Cal. Rptr. 3d 28 (2007)................................ 14

Dilts v. Cantua Elem. Sch. Dist.,
   189 Cal. App. 3d 27, 234 Cal. Rptr. 612 (1987) .................................. 15

Engel v. McCloskey,
   92 Cal. App. 3d 870, 155 Cal. Rptr. 284 (1979) ........................... 15, 16

Jamison v. Cal.,
   31 Cal. App. 3d 513, 107 Cal. Rptr. 496 (1973) .................................. 15

Los Angeles Airways, Inc. v. Hughs Tool Co.,
   95 Cal. App. 3d 1, 156 Cal. Rptr. 805 (1979) ..................................... 14

Rosenthal v. Vogt,
   229 Cal. App. 3d 69, 280 Cal. Rptr. 1 (1991) ..................................... 16

Taylor v. Mitzel,
   82 Cal. App. 3d 665, 147 Cal. Rptr. 323 (1978) .................................. 16

## Other State Cases

Fla. Bar v. Clement,
   662 So.2d 690 (1995)............................................................................ 19

Okla. v. Busch,
   919 P.2d 1114 (1996)............................................................................ 19

## United States Constitution

Eleventh Amendment.......................................................... 1, 8, 9, 16

Fourteenth Amendment ............................................................... 9

**vi**

## California Constitution

Cal. Const., art. VI, § 9 ........................................................................................... 3

## Federal Statutes

28 U.S.C. § 1257 ..................................................................................................... 10

28 U.S.C. § 1291 ..................................................................................................... 10

28 U.S.C. § 1331 ..................................................................................................... 10

28 U.S.C. § 1738 ..................................................................................................... 14

29 U.S.C. § 94(a) ........................................................................................... 2, 11, 18

42 U.S.C. § 12102 ................................................................................................... 18

42 U.S.C. § 12131 ............................................................................................. 18, 19

42 U.S.C. § 12132 ......................................................................................... 2, 11, 18

42 U.S.C. § 12133 ..................................................................................................... 2

42 U.S.C. § 1981 ....................................................................................................... 8

42 U.S.C. § 1983 ............................................................................................... passim

42 U.S.C. § 1985 ........................................................................................... 8, 11, 12

## State Statutes

Cal. Bus. & Prof. Code § 6000 ................................................................................ 3

Cal. Bus. & Prof. Code § 6007(b) .......................................................................... 20

Cal. Bus. & Prof. Code § 6007(c)(4) ....................................................................... 7

Cal. Bus. & Prof. Code § 6010 ................................................................................ 3

Cal. Bus. & Prof. Code § 6025 ................................................................................ 3

Cal. Bus. & Prof. Code § 6068(a) ............................................................................ 7

Cal. Bus. & Prof. Code § 6068(i) ............................................................................. 7

Cal. Bus. & Prof. Code § 6076 ................................................................................ 3

Cal. Bus. & Prof. Code § 6086.5 ............................................................................. 3

Cal. Bus. & Prof. Code § 6090.5(a)(2) ..................................................... 7

Cal. Bus. & Prof. Code § 6094(a) ......................................................... 15

Cal. Bus. & Prof. Code § 6102(a) .......................................................... 4

Cal. Bus. & Prof. Code § 6103 .............................................................. 7

Cal. Bus. & Prof. Code § 6106 .............................................................. 7

Cal. Bus. & Prof. Code § 6125 .............................................................. 7

Cal. Bus. & Prof. Code § 6126 .............................................................. 7

Cal. Bus. & Prof. Code § 6230 .............................................................. 4

Cal. Code Civ. Pro. § 473 .................................................................... 6

Cal. Govt. Code § 811.2 ..................................................................... 15

Cal. Govt. Code § 811.4 ..................................................................... 15

Cal. Govt. Code § 818.4 ..................................................................... 16

Cal. Govt. Code § 821.2 ..................................................................... 16

Cal. Govt. Code § 900.4 ..................................................................... 15

Cal. Govt. Code § 940.4 ..................................................................... 15

## Federal Regulations

29 C.F.R. § 1630.2(j)(l)(i)-(ii) ............................................................ 18

34 C.F.R. § 104.3 ........................................................................... 18

## Federal Rules of Civil Procedure

Rule 12(b)(1) ................................................................................ 8

Rule 12(b)(6) ..................................................................... 11, 13, 15

Rule 8(a)(2) .......................................................................... 11, 12

## State Bar Rules of Procedure

Rule 115 .................................................................................... 6

Rule 117 .................................................................................... 6

Memo of Ps &As in Support of Def's Motion to Dismiss                    07-CV-02890 EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rule 117(b) ................................................................................................................ 20

Rule 203 ...................................................................................................................... 6

Rule 203(c) ................................................................................................................ 15

Rule 220(c) .................................................................................................................. 7

Rule 422(a) ................................................................................................................ 20

Rule 662(c) ................................................................................................................ 17

Rule 802(a) .................................................................................................................. 4

Rule 802(b) .................................................................................................................. 4

Rule 802(c) .................................................................................................................. 4

Title IV, Attorney Prof. Misconduct Sanctions Standard 1.5(a) ............................... 17

## Rules of Professional Conduct

Rule 1-110(A) .............................................................................................................. 6

Rule 3-110(A) .............................................................................................................. 7

Rule 4-110(B) .............................................................................................................. 7

## Other Authorities

Finan. Asst. Plan Lawyers Asst. Prog. Rule 6 ............................................................ 4

Lawyers Asst. Prog. Rule II, §2 ................................................................................. 4

Lawyers Asst. Prog. Rule II, §3 ................................................................................. 4

Lawyers Asst. Prog. Rule III, §1 ................................................................................ 4

Lawyers Asst. Prog. Rule V ........................................................................................ 4

State Bar Ct. Rules Prac. 1132(b) ............................................................................. 20

State Bar Ct. Rules Prac. 1132(c) ............................................................................. 20

Wright & Miller, 7A Fed. Prac. & Proc. Civ. 3d R23 .............................................. 16

# Memorandum of Points and Authorities
## I. Introduction.

On June 13, 2006, after findings by the State Bar Court of the State Bar of California that Plaintiff Gregory Morris had *inter alia* misappropriated over $160,000 of client money, the California Supreme Court Ordered Morris' disbarment from the practice of law in California. Morris has now filed in the United States District Court a Complaint against the State Bar, its Board of Governors, and its Lawyer Assistance Program (hereinafter collectively, "State Bar Defendants"). In this action, Morris contends that the State Bar's disciplinary proceedings and his disbarment violated of his right to due process and equal protection and of the Americans with Disability Act (ADA) and the Rehabilitation Act. The gist of Morris' claims is apparently that the State Bar is required to have procedures to accommodate and treat his "psychological" and "serious mental illnesses."

Morris' action would have this Court engage in an inappropriate review of state court proceedings and to overrule his disbarment by the California Supreme Court. This Court should dismiss all of Morris's claims against the State Bar Defendants without leave to amend. His claims are barred by the Eleventh Amendment, the <u>Rooker-Feldman</u>[1] doctrine, judicial or legislative immunity, or claim preclusion. Even if his claims somehow survived these bars, the State Bar Defendants did not deprive Morris of any federal rights: there is no federal right to the Lawyers Assistance Program; procedures already are in place to protect mentally ill attorneys facing discipline procedures; and Federal disability law did not excuse or require the State Bar to accommodate his serious acts of misconduct. Moreover, any claims under state law would be barred under the California Tort Claims Act.

//

//

//

---

[1] Named after <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923), and <u>D.C. Ct. of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

**1**

# II. Background

**A. Summary of Morris' Allegations Against the State Bar Defendants.**

Morris' 64-page, prolix and rambling Complaint contains 22 separate causes of action. Only his first, second, third and thirteenth causes of action clearly apply to the State Bar Defendants.[2] Morris alleges that the State Bar Defendants deprived his right to assistance and treatment in of the State Bar's Lawyers Assistance Program.[3] Withdrawal of this assistance, he alleges, deprived him of his equal protection, property and employment rights without due process in violation (First Cause of Action) and constituted failure to reasonably accommodate his disability under Title II of the ADA, and Rehabilitation Act rights (Second Cause of Action).[4] In his third cause of action, Morris alleges that the State Bar failed to provide procedures to accommodate mentally disabled attorneys, like himself, when their mental illnesses prevented:

- receiving or understanding the State Bar's mailed notice of discipline charges and status conferences;[5]

- understanding the discipline charges' nature and significance,[6]

- understanding there was an opportunity to be heard at the discipline proceedings;[7]

- filing a motion for appointment of counsel[8] and stay discipline proceedings;[9] and

---

[2] Morris' ninth cause of action under California's constitutional privacy clause incorporates the allegations in his eighth cause of action for intentional infliction of emotional distress. (Complaint at p. [], lines 6-8.) His eighth cause of action is against "ALL DEFENDANTS, EXCEPT PUBLIC ENTITIES"; however, in his privacy claim, he mentions the "Bar Defendants." (Complaint at ¶140F.) If he intended this claim to apply to the State Bar Defendants, it would be barred under California Tort Claims Act.

[3] Complaint at ¶34.

[4] Complaint at ¶¶37-39; Title II of the ADA, 42 U.S.C. §§ 12132 and 12133, and the Rehabilitation Act of 1973, Title V, Section 504 ("Section 504"), 29 U.S.C. § 94(a). Plaintiff purportedly has Post-Traumatic Stress Disorder, brain injury and Attention Deficit Disorder. Complaint at ¶53.

[5] Complaint at ¶¶1, 47, 54(A), 64(A), 68, 71(B).

[6] Complaint at ¶¶1, 47, 54(K), 64(E), 64(K), 68.

[7] Complaint at ¶¶1, 47, 48, 64(A), 68, 71(B)

[8] Complaint at ¶¶54(H), 58, 70.

**2**

- otherwise meaningfully defend themselves.[10]

In his thirteenth cause of action, Morris claims that the State Bar Defendants committed "obstruction of justice" apparently during his disciplinary proceedings by allegedly maliciously and illegally obtaining Morris' bank records.[11]

Morris seeks damages, injunctive and declaratory relief.

## B.  The State Bar Defendants

### 1.  The State Bar of California

Article VI, section 9 of the California Constitution establishes the State Bar and expressly acknowledges it as intrinsic to the judiciary.[12]  The California Supreme Court characterizes it as *sui generis* - - its "administrative arm" for attorney discipline.[13]

### 2.  The Board of Governors of the State Bar of California.

The Board of Governors is the governing body of the State Bar.[14]  The Board of Governors is authorized to enact rules and regulations to carry out the purposes of the State Bar.[15]  Subject to approval of the Supreme Court, the Board of Governors may formulate and enforce rules of professional conduct for State Bar members admitted to practice.[16]  The Board may also enact rules of procedures to govern disciplinary proceedings in the State Bar Court.[17]

---

[9] Complaint at ¶¶42, 48, 54, 54(D), 54(H), 54(J), 70.

[10] Complaint at ¶1, 41, 48, 54(C), (L), 68.

[11] Complaint at ¶¶204, 204(G), 206-207.

[12] See Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code § 6001; In re Rose, 22 Cal.4th 430, 438, 993 P.2d 956, 93 Cal. Rptr. 2d 298 (2000).

[13] See In re Att'y Discipline Sys., 19 Cal.4th 582, 598-600, 967 P.2d 49, 79 Cal. Rptr. 2d 836 (1998); see also Rosenthal v. Justices of the Sup. Ct. of Cal., 910 F.2d 561, 566 (9th Cir. 1990).

[14] Cal. Bus. & Prof. Code § 6010.

[15] Cal. Bus. & Prof. Code § 6025.

[16] Cal. Bus. & Prof. Code § 6076.

[17] Cal. Bus. & Prof. Code § 6086.5.

### 3. *The Lawyer Assistance Program*

The Lawyer Assistance Program "LAP" was established by the Legislature to have the State Bar of California "seek ways and means to identify and rehabilitate attorneys with impairment due to abuse of drugs or alcohol, or due to mental illness, affecting competency so that attorneys so afflicted may be treated and returned to the practice of law in a manner that will not endanger the public health and safety."[18] Attorneys may participate in the Lawyers Assistance Program as part of their discipline terms.[19] Attorneys must pay for the program and all of their treatment, unless they seek financial assistance in the form of a loan.[20] Program participation, however, does not relieve the attorney of other discipline obligations, is routinely conditioned upon compliance with other discipline terms.[21]

### 4. *Individual Defendant.*

<u>Robert Driscal</u>: The State Bar does not have an employee named Robert Driscal. Morris

---

[18] Cal. Bus. & Prof. Code § 6230. Although neither required nor specifically envisioned by the statutory scheme that created the LAP, the Board of Governors subsequently created the Alternative Discipline Program "ADP" to handle disciplinary proceedings against impaired attorneys who have been accepted by LAP. In the ADP the State Bar Court "Program Judge" has discretion whether to accept the respondent for participation in the program. At a minimum, the respondent must be accepted into the State Bar Lawyer's Assistance Program and agree to any additional conditions the Program Judge imposes, including but not limited to entering into, a stipulation as to facts and conclusions of law in the pending disciplinary proceeding that both Trial Counsel and the respondent sign, and the respondents' written agreement to the Court's terms and conditions for ADP participation. State Bar Rules Proc. 802(a). Attorneys have been convicted of a crime that is grounds for summary disbarment are not eligible for the program. State Bar Rules Proc. 802(b), referring to crimes of moral turpitude or felonies as grounds for summary disbarment pursuant to Cal. Bus. & Prof. Code § 6102(a).

In order to be eligible for acceptance into the ADP, the respondent must establish a nexus between his substance abuse or mental health issues and disciplinable conduct. Nexus is defined as evidence that there is a reasonable likelihood that the substance abuse or mental health issue either precipitated the attorney's conduct or that it was a contributing cause to the misconduct State Bar Rules Proc. 802(c).

Morris does not—nor can he—allege that he applied to participate in the ADP.

[19] Lawyers Asst. Prog. Rule II, §2.

[20] Lawyers Asst. Prog. Rule III, §§1-2; Finan. Asst. Plan Lawyers Asst. Prog. Rule 6.

[21] Lawyers Asst. Prog. Rule II, §3, Rule V.

---

**4**

1    may be referring to an individual named James Driscoll, who has worked as an independent

2    contractor for the Lawyer Assistance Program. but he is not an employee of the State Bar and has

3    not been properly served.   The State Bar has no authority to accept service of his behalf and

4    does not represent him in this action.

5        **5.  *Doe Defendants.***

6            Morris names "Does 16-20, Does 26-40, and Does 40-60" as additional State Bar

7    Defendants.[22]  However, the Complaint fails to specify acts or claims against these unidentified

8    entities or individuals committed.

9    **C.  Morris's State Bar Discipline Proceedings.**

10       Morris engaged in numerous acts of misconduct, including repeated acts of misappropriating

11   client money that led to multiple State Bar discipline proceedings from 2002 to 2006 that led

12   ultimately to his disbarment. These proceedings were consolidated and are summarized as

13   follows.

14       **1.  *Morris's Repeated Failure to Participate in his Discipline Hearings.***

15   The State Bar Court Hearing Department[23] presided over Morris' discipline proceedings. It

16   found that Trial Counsel had properly initiated proceedings against Morris in Case Nos. 04-H-

17   11843 and 04-O-14241[24] because it had served Morris by certified mail, return receipt requested

18   at Morris' official State Bar member address,[25] and that it had jurisdiction over Morris because

19   Morris had been admitted to practice law since December 18, 1979, and had been a member of

20   the State Bar ever since.[26]  The Hearing Department found that Morris was properly served with

21

22       [22] Complaint at ¶13.

23       [23] "Hearing Department."

24       [24] Case No. 04-O-14241 was consolidated with other State Bar discipline cases listed later in
     this section.

25
26       [25] See February 17, 2006 State Bar Court Decision and Order of Involuntary Active
     Enrollment ("Disbarment Recommendation"), a true and correct copy of which is attached as
27   Exhibit A to Defendant's Request for Judicial Notice (RJN), at p. 2., citing Cal. Bus. & Prof.
     Code § 6002.1(c).

28       [26] Disbarment Recommendation at p. 9.

all notice of all disciplinary charges, court dates and required attendances, [27] in part because Morris made court appearances after the Court informed him that terminating sanctions were imminent—even after notices were sent with the wrong zip code.[28]

Morris filed two different Motions to vacate default proceedings—one on August 25, 2004[29] which was granted[30] and one on August 29, 2005,[31] which was not.[32] Due to Morris' sporadic and intermittent non-appearances and failure to participate in discovery, [33] Morris' discipline proceedings ultimately proceeded by default.

### 2. *Morris' Multiple Violations of the Rules of Professional Conduct and the California Business and Professions Code.*

The Hearing Department made the following findings in Morris' discipline cases. He:

- failed to attend ethics school and file appropriate written probation quarterly and final reports;[34]

---

[27] Both the Hearing Department and Trial Counsel had notices returned by the U.S. Post Office because Morris had moved from his official address twice without notifying the Hearing Department, the State Bar, or the U.S. Post Office. Even the address Morris put on his motion to to abate was marked "returned to writer." Id. at pp. 2, 6, 7.

[28] Id. at p. 5, fn. 7.

[29] See August 25, 2004 "Motion for Late Opposition; Motion to enter Default; Motion to Set Aside Default," "Declaration of Greg Morris" and "Request for Time to Comply with Terms of Probation," RJN, Exhibit B.

[30] See Sept 14, 2004 "Order Granting Motion to Set Aside Entry of Default," RJN, Exhibit C.

[31] See August 22, 2005  "Motion to Abate; Motion to Continue; Motion to Vacate; Motion for Continuance, Motion to Withdraw Plea State Bar Rules of Procedure 203; 115, 117; California Rules of Civil Procedure: 473" and "Points and Authorities in support of Motion to Vacate; Motion to Set Aside Guilty Plea; Motion for Additional Time to Respond," RJN, Exhibit D.

[32] See October 4, 2005 Order Denying Motion to Vacate Default and Other Related Motions, RJN, Exhibit E.

[33]The Hearing Department found that Morris had failed to appear at eight different court dates:  July 12, 2004, November 15, 2004, January 31, 2005, May 23, 2005, June 6, 2005, June 13, 2005, June 21, 2005, and August 22, 2005.  Disbarment Recommendation  at pp. 1-8.

[34]As required by his 02-O-10657 private reproval discipline case. Id. at pp. 8, 9; Rule 1-110(A) of the Rules of Professional Conduct requires attorneys to comply with reproval conditions.

- bounced at least 12 checks from his client trust account;[35]

- misappropriated a total of at least $161, 863.92 in settlement proceeds from 21 different clients;[36]

- caused a client's signature to be placed on a settlement check without the client's knowledge or authority, then offered the client additional money to withdraw his State Bar complaint;[37]

- repeatedly failed to return client phone calls, failed to make agreed upon payments on client medical bills out of settlement proceeds, told State Bar Investigators that he would respond to the client's complaints and then didn't;[38]

- knowingly held himself out as a licensed attorney, made court appearances, filed motions, accepted new clients and acted on their behalf  after he had been placed on inactive status,[39] and did not respond to resulting State Bar inquiries.[40]

In sum, the Hearing Department determined that Morris had committed serious acts of misconduct spanning a six year period, and it recommended that Morris be transferred to involuntary inactive status and disbarred.[41] On July 13, 2006, the California Supreme Court adopted the Hearing Department's recommendation, making the Disbarment Recommendation the California Supreme Court's final decision of the merits.[42]

---

[35] Id. at pp. 11-12. These acts constituted moral turpitude, dishonesty, and corruption because Morris reasonably should have known that there were insufficient funds. Id. at pp. 12, citing violations of Cal. Bus. & Prof. Code § 6106.

[36] Disbarment Recommendation at pp. 15-29, citing violations of Rule of Professional Conduct 4-100(A) and Cal. Bus. & Prof. Code § 6106, and § 6090.5(a)(2).

[37] Disbarment Recommendation at pp. 30-32.

[38] Id. at pp. 32-39, citing violations of Rules 3-110(A), 4-100(A), and 4-110(B) of the Rules of Professional Conduct and Cal. Bus. & Prof. Code § 6106 and  § 6068(i).

[39] Case No. 04-O-14108 and Case No. 05-O-00021, Disbarment Recommendation at pp. 40-41.

[40] Id. at pp. 41-42, citing violations of Cal. Bus. & Prof. Code § 6125, 6126, § 6068(a), § 6103, and § 6068 (i) respectively

[41] Id. at p. 48; Cal. Bus. & Prof. Code § 6007(c)(4), State Bar Rules Proc. 220(c).

[42] See June 13, 2006 California Supreme Court Order S142424, "In re Gregory A. Morris, on Discipline," a true and correct copy of which is attached to State Bar Defendants' Request for Judicial Notice as Exhibit F; State Bar Rules Proc. 220(c), In re Rose, 22 Cal.4th at 446-48.

# III. Argument

**A. Rule 12(b)(1) Requires the Court to Dismiss Morris's Complaint For Lack Of Subject Matter Jurisdiction. [43]**

### 1. The Eleventh Amendment Bar's Morris's Suit.

    a. <u>The Eleventh Amendment Bars All Claims Against the State Bar, its Board of Governors, the Lawyers Assistance Program and Trial Counsel</u>

The Eleventh Amendment proscribes federal court suits against a state or one of its agencies without consent.[44]  Eleventh Amendment immunity extends to the State Bar as an ".arm of the State."[45]  Although Congress may abrogate the states' immunity, in Section 1981, 1983, and 1985 actions the states' immunity has not been abrogated.[46]  This jurisdictional bar applies no matter what relief Morris seeks.[47]  Eleventh Amendment immunity also applies to Morris' pendent state law claims.[48]  Accordingly, the Eleventh Amendment bars all claims against the State Bar Defendants.  Those claims, therefore, should be dismissed with prejudice.[49]

    b. <u>The Eleventh Amendment Bars Morris's Title II ADA Claims as Well</u>

The Ninth Circuit has previously held that ADA Title II validly abrogates sovereign

---

[43] Federal Rules of Civil Procedure, or FRCP ("Rule").

[44] <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984).

[45] <u>See</u> <u>Hirsh v. Justices of the Sup. Ct. of Cal. et al.</u>, 67 F.3d 708, 715 (9th Cir. 1995)  ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court."); <u>see also</u> <u>Lupert v. Cal. State Bar</u>, 761 F.2d 1325, 1327 (9th Cir. 1985), <u>cert.</u> <u>denied</u>, 474 U.S. 916, 106 S. Ct. 241, 88 L. Ed. 2d 251 (1985).

[46] <u>Will v. Mich. Dept. State Police,</u> 491 U.S. 58, 70-71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (neither states nor governmental entities that are considered "arms of the State" for Eleventh Amendment purposes are "persons" subject to suit under section 1983).   <u>Boykin v. Bloomsburg Univ. of Penn.</u>, 893 F. Supp. 378, 394 (M.D. Pa. 1995).

[47] <u>Pennhurst</u>, 465 U.S. at 100-01; <u>see also</u> <u>Missouri v. Fiske</u>, 290 U.S. 18, 54 S. Ct. 18, 78 L. Ed. 145 (1933).

[48] <u>Pennhurst</u>, 465 U.S. at 120-121.

[49] <u>Pena v. Gardner</u>, 976 F.2d 469, 472 (9th Cir. 1992) (defense of Eleventh Amendment is a jurisdictional bar); <u>Seaborn v. Fla. Dep't. of Corr.</u>, 143 F.3d 1405, 1407 (11th Cir. 1998).

immunity in all contexts.[50] Later, however, the Supreme Court decided after that ADA Title II only abrogates sovereign immunity if the alleged conduct violates the Fourteenth Amendment.[51] As further developed below in Part IIIB, the State Bar's conduct did not violate the Fourteenth Amendment.  Further, disabled persons are not a suspect class warranting heightened scrutiny for Equal Protection;[52] there is no fundamental right to practice law;[53] and the State Bar's discipline process provides constitutionally sufficient due process.[54]  The Eleventh Amendment, therefore, bar Morris' claims for damages and retrospective relief against the State Bar Defendants.

    c.   <u>The Eleventh Amendment Bars Morris's Claims Against the Individually Named State Bar Defendants Acting in Their Official Capacities</u>

Morris alleges that he sues the State Bar Defendants both in their official capacity and as individuals.[55] Morris' Complaint, however, does not contain any names of these individuals except "Robert Driscal" who – if Morris means LAP independent contractor James Driscoll – is not an employee of the State Bar. Morris, moreover, alleges that State Bar discipline proceeding rules, policies and procedures and the "Lawyers Assistance Program" caused his alleged federal rights violations. And, Morris does not identify how the individuals acting in their official capacity deprived him of the federal rights under color of law. Morris, therefore, sues defendants in their official capacities only,[56]  and the Eleventh Amendment bars his federal damages actions

---

[50] <u>Hason v. Medical Bd. of Cal.</u>, 279 F.3d 1167 (9th Cir. 2002) and <u>Phiffer v. Colum. River Corr. Inst.</u>, 384 F.3d 791 (9th Cir. 2004).

[51] <u>United States v. Georgia</u>, 546 U.S. 151, 159, 126 S. Ct. 877, 163 L. Ed. 2d 650 (2006).

[52] <u>See</u> <u>Bd. of Trust. of Ala. v. Garrett</u>, 531 U.S. 356, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001).

[53] <u>Rosenthal</u>, 910 F.2d at 564-65; <u>Hirsh</u>, 67 F.3d at 713 (California's disciplinary procedures provide adequate opportunity for judicial review of federal claims).

[54] <u>Giannini v. Real</u>, 911 F.2d 354, 357 (9th Cir. 1990) (state rules providing for State Supreme Court to review State Bar's denial of an applicant's admission to practice law satisfies the requirements of due process); <u>Rosenthal</u>, 910 F.2d at 564-565; <u>Hirsh</u>, 67 F.3d at 713.

[55] Complaint at ¶29.

[56] <u>See</u> <u>Price v. Akaka</u>, 928 F.2d 824, 828 (9th Cir. 1990) (where a plaintiff fails to identify the capacity in which the state actor is sued, the Ninth Circuit looks beyond the caption of the complaint to the "basis of the claims asserted and the nature of the relief sought.")

1    and retroactive relief against the State Bar Defendants.[57]

2         **_2.    Rooker-Feldman Jurisdictionally Bars Morris's Discipline Proceeding Claims_**

3         Morris's Title II claims arise from the California Supreme Court's decision to disbar him.[58]

4    The relief he seeks is this Court's review and reversal of the unfavorable California Supreme

5    Court decision disbarring him.[59]

6         The jurisdictional limitation that prevents this federal district court from reviewing the

7    California Supreme Court's decision is the <u>Rooker-Feldman</u> doctrine.[60] Congress did not give

8    the lower federal courts the authority to review state court decisions when it established an

9    Article III court system.[61]  In <u>Feldman</u>, an attorney regulatory matter, the United States Supreme

10   Court said only it can review allegedly unconstitutional individual final state court judgments on

11   attorney admission, discipline, and disbarment of members.[62]  The lower district court could hear

12   most-- but not all -- general constitutional challenges to State Bar rules.

13        The Supreme Court also decided that it would be the <u>only</u> court to hear general constitutional

14   challenges <u>if</u> it was impossible to analyze the general challenge without reviewing the

15   individual's final state court decision or without interpreting state law or procedure - - this is

16   <u>Rooker-Feldman</u>'s inexorably intertwined doctrine.[63]  The Ninth Circuit[64] and the Supreme

17   Court[65] have both reaffirmed <u>Rooker-Feldman</u>'s core principles.

18   _____

19   [57]  <u>Edelman v. Jordan</u>, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); <u>Hafer v.</u>

20   <u>Melo</u>, 502 U.S. 21, 24-25, 112 S. Ct. 358, 361-62, 116 L. Ed. 2d 301 (1991); <u>Pena</u>, 976 F.2d at
     472 (same).

21
22   [58]  Morris's does not have a claim for relief under the Rehabilitation Act. The State Bar
     receives no federal funds and therefore the Rehabilitation Act does not apply. <u>See</u> <u>generally</u> <u>In re</u>

23   <u>Att'y Discipline Sys.</u>, 19 Cal.4th at 590- 591, 614.

24   [59]  <u>See</u>, <u>e.g.</u>, Complaint at ¶74(1).

25   [60]  <u>Rooker</u>, 263 U.S. at 413;  <u>Feldman</u>, 460 U.S. at 465-66.

26   [61]  28 U.S.C. §§ 1257, 1291, 1331. <u>See</u> <u>MacKay v. Nesbett</u>, 412 F.2d 846 (9th Cir. 1969);
     <u>Craig v. State Bar of Cal.</u>, 141 F.3d 1353 (9th Cir. 1998).

27   [62]  <u>Feldman</u>, 460 U.S. at 485.

28   [63]  <u>Id.</u> at 486-87.

Memo of Ps &As in Support of Def's Motion to Dismiss                    07-CV-02890 EMC

1    This Court would have to undercut the California Supreme Court's Disbarment decision and

2    interpret and apply California's Business and Profession's Code and State Bar Rules of

3    Procedure to address Morris' general constitutional challenge to State Bar discipline

4    proceedings. Morris' claims, therefore, are inextricably intertwined with his individual

5    disbarment.  Rooker-Feldman requires this Court to dismiss his Title II, Section 504, and §§

6    1983 and 1985 claims because this Court lacks subject matter jurisdiction.[66]

7    **B.  Rule 12(b)(6) Requires this Court to Dismiss Morris' Complaint Because the Facts Morris Has Pled Do Not State a Claim for Relief.**

8

9    ***1.  Morris Has Failed to Allege a Factual Conspiracy for a § 1985 claim Regarding His Lawyers Assistance Program Participation and his Discipline Proceedings.***

10    Morris alleges a § 1985 claim based on the end of his Lawyer Assistance Program.  The facts

11    Morris alleges, however, must meet Rule 12(b)(6) legal sufficiency.[67] In Bell Atlantic Corp. v.

12    Twombly,[68] the Supreme Court refined and heightened the "plain statement"[69] pleading standard

13    for conspiracy:  the factual scenario cannot be neutral, it must be factually suggestive of a

14    plausible conspiracy to show entitlement to relief.[70] Morris, on the other hand, gives no

15    information on his program's termination:  no factual scenario about who conspired to terminate

16    his Program or how.  Merely stating that his program was terminated is not enough. Because

17

18    [64] Mothershed v. Justices of Sup. Ct., 410 F.3d 602 (9th Cir. 2005) (dismissing action on
19    Rooker-Feldman grounds concluding that district court lacked subject matter jurisdiction to hear
20    plaintiff's allegation that defendants' failed to properly apply State Bar rule to **his** own
     disciplinary action).

21    [65] See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84,125 S. Ct.
22    1517, 161 L. Ed. 2d 454 (2005) (federal complaints that invite review and reversal of
     unfavorable state-court judgments out of bounds.).

23    [66] Id. at 486-487.

24    [67] Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337 (9th Cir. 1996). "While the Court must
25    assume all factual allegations to be true, it does not have to accept legal conclusions disguised as
     factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

26    [68] ___ U.S. ___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

27    [69] FRCP 8(a)(2).

28    [70] Twombly, 127 S. Ct. at 1966, fn 5, 1974.

**11**

Morris facts do not suggest a plausible conspiracy, his claim falls far short of Bell Atlantic's suggested heightened "plain statement" requirement.[71] His Lawyers Assistance Program § 1985 conspiracy claim should be dismissed on that basis alone.[72]

### 2. Morris Fails to State a § 1983 Claim for His Discipline Proceedings Because He Alleges that State Bar Policy and Procedure Harmed Him.

Morris' allegations of his discipline proceeding treatment likewise fail to state a § 1983 claim. All of Morris' allegations regarding his alleged unfair treatment in his discipline process are based on the State Bar's rules, policies and procedure,[73] and his allegations that refer to "State Bar" individual doe defendants allege those persons to be policy makers for the State Bar and its proceedings.[74] Alleging that persons are acting in their official capacity in performance of their duties following their entity's policy and procedure is not an allegation that individuals are conspiring to discriminate under color of law. Therefore, Morris sues defendants in their official capacities only[75] and Morris fails to state a colorable § 1983 claim for relief for his discipline proceeding events.

### 3. Morris Cannot State a §1983 Federal Right Deprivation For His Lawyers Assistance Program Involvement and Program Termination.

Morris' participation in the Lawyers Assistance Program does not provide a basis for a §1983 claim, either. The State Bar has no legal duty to provide psychiatric assistance on State Bar Membership basis, and Morris cannot cite to any legal authority that would create such a

---

[71] Id. at 1966.; Rule 8(a)(2).

[72] His alleged § 1985 conspiracy claim for his discipline proceedings -- to the extent that he alleges one -- is likewise factually insufficient. Morris merely makes a reference to his discipline proceedings violating § 1985 in his jurisdictional allegation. Complaint at ¶3. The rest of his discussion of alleged wrongdoing discipline proceeding discussion centers completely around State Bar policy and procedure and does not contain any factual conspiracy allegations. Complaint at ¶¶49, 56, 57, 60, 61, 65, 66. Morris, therefore, cannot state a § 1985 claim for relief for his discipline proceedings.

[73] Complaint at ¶¶49, 60, 61, 62.

[74] Complaint at ¶¶27, 28, 56, 57, 65, 66.

[75] See Price, 928 F.2d at 828.

1  legal duty.  Morris had no fundamental right to participation in that program; therefore, his

2  program termination cannot form the basis for a §1983 claim.

3  ### 4. The State Bar Defendants Have Judicial Immunity for Attorney Discipline Proceedings.

4  Rule 12(b)(6) also requires dismissal of Morris' alleged claims against the State Bar

5

6  Defendants because attorney discipline proceedings have statutory or common law immunity –

7  judicial immunity.[76]  Federal common law judicial immunity precludes money damages suits

8  and § 1983 precludes suits in equity against state bar associations and their officers, agents and

9  employees for alleged wrongdoing -- including bad faith, malice or unconstitutional allegations--

10  in administering attorney disciplinary and admission functions.[77]

11  //

12  //

13  //

14  //

15

16

17  [76] Peterson v. Jensen, 371 F.3d 1199, 1201-02 (9th Cir. 2004); Chappel v. Robbins, 73 F.3d
    918, 920 (9th Cir. 1960).

18

19  [77] Hirsh, 67 F.3d at 714-15 ("State Bar Court judges and prosecutors have quasi-judicial
    immunity from monetary damages"); Levanti v. Tippen, 585 F. Supp. 499, 504 (S.D. Cal. 1984)

20  (as the administrative arm of the California Supreme Court, the State Bar, and its sub-entities, are
    protected from liability for their official actions by the same cloak of absolute judicial immunity

21  as worn by that tribunal. Since the State Bar functions as an arm of the California Supreme
    Court, it is also "...protected by the same cloak of absolute immunity worn by that tribunal");

22  Clark v. Wash., 366 F.2d 678, 681 (9th Cir. 1966) ("A prosecuting attorney, as a quasi-judicial
    officer, enjoys immunity from suit under the Civil Rights Act, insofar as his prosecuting

23  functions are concerned....  As an arm of the Washington Supreme Court in connection with
    disciplinary proceedings, the bar Association is an "integral part of the judicial process" and is

24  therefore entitled to the same immunity which is afforded to prosecuting attorneys in that state").
    Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); Harvey v. Waldron,

25  210 F.3d 1008, 1012 (9th Cir. 2000). In 1996, Congress enacted Section 309 of the Federal
    Courts Improvement Act.  See Pub. L. No. 104-317, October 19, 1996, 110 Stat 3847.  Section

26  309(c) of the Act amended 42 U.S.C section 1983 by adding the following language to the end of
    the first sentence: "... in any action brought against a judicial officer for an act or omission taken

27  in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory
    decree was violated or declaratory relief was unavailable."

28

**13**

### 5.  *Res Judicata and Collateral Estoppel Bar Morris's Claims*

Morris impermissibly attempts to relitigate issues that his state court proceedings claims already addressed.  Specifically, Morris asks the court to review (1) the legal sufficiency of his service with notice of discipline proceedings;[78] (2) the effect of his mental state on his ability to meaningfully defend himself;[79] and (3) whether his case should have proceeded by default.[80] Under California law, res judicata and collateral estoppel preclude parties or their privies from relitigating a cause of action or other issue finally resolved in a prior proceeding.[81]

Morris raised the issue of service on him in his August 25, 2004 Motion:

> The motion for entry of default for entry of default was served at a time when my father had just passed away and I was not able to attend to this matter because of the stress associated with his death…I was under the impression that I had not been properly served (it was sent to an old address certified mail and not delivered). Almost immediately after I received a courtesy copy, I called the Bar counsel and started to discuss meeting and resolving the case.[82]

Morris also raised the issue how his mental state was affecting his participation in his discipline proceedings in his August 29, 2005 motion:

> due to emotional stress, financial difficulties and depression, associated with an accidental house fire and false criminal charges, Member was not able to effectively participate in his defense of this State Bar proceeding.[83]… [T]he mistakes of counsel caused the default, since

---

[78] Complaint at ¶¶1, 47, 54(A), 64(A), 68, 71(B).

[79] Complaint at ¶¶1, 41, 42, 48, 53, 54(K), 59, 68.

[80] Complaint at¶¶ 44, 46, 48, 60, 62, 63.

[81] See People v. Barragan, 32 Cal.4th 236, 252-53, 83 P.3d 480, 9 Cal. Rptr. 3d 76 (2004). California law to determine whether California Supreme Court affirmation of the Disbarment Recommendation has any preclusive effect on the issues Morris raises. See Gupta v. Thai Airways, Int'l, LTD, 487 F.3d 759, 765 (9th Cir. 2007); see also 28 U.S.C. § 1738. See Vandenberg v. Sup. Ct., 21 Cal.4th 815, 828, 982 P.2d 229, 88 Cal. Rptr. 2d 366 (1999).Bostick v. Flex Equip. Co. Inc., 147 Cal. App. 4th 80, 97, 54 Cal. Rptr. 3d 28 (2007) (internal quotations marks omitted). Los Angeles Airways, Inc. v. Hughs Tool Co., 95 Cal. App. 3d 1, 6-7, 156 Cal. Rptr. 805 (1979).

[82] RJN, Exh. B, p. 1, line 25, p. 2 lines 1-3, 19-22.

[83] RJN, Exh. D, Motion, p. 1(a), lines 18-21.

---

1    Morris failed to properly check deadlines, calendar case events and prepare the case."[84]

2    The Hearing Department, therefore, already considered these issues and made determinations on

3    them – it granted Morris' first request to vacate his default, and denied the second one: "[d]

4    despite Respondent's current misfortunes, Respondent has failed to meet the requirements for

5    vacating default under rule 203(c) of the Rules of Procedure of the State Bar. No evidence of

6    mistake, inadvertence, surprise or excusable neglect was presented."[85]  Those determinations

7    became final on the merits when the Supreme Court Ordered his disbarment in his discipline

8    cases.[86]

9    **6.  *Morris's Failed to Comply with the Government Tort Claims Act.***

10    All of Morris' money damages claims against the State Bar Defendants fail because Morris

11    failed to comply with the Government Tort Claims Act. For example, Morris alleges state

12    constitutional privacy violations and obstruction of justice[87] claims against the State Bar

13    Defendants.[88]  The legitimacy of Morris' money damages claims, or lack thereof, however, does

14    not relieve him of his duty to follow the law for a Government Tort claim.[89]  Morris did not

15    allege that he filed a Government Tort claim with the State Bar before filing this suit. Morris'

16

17    ─────────────────

18    [84] RJN, Exh. D, Memo of Ps and As, p. 2, lines 2-4.

19    [85] RJN, Exh E, p. 1, lines 19-21.

20    [86] In re Rose, 22 Cal.4th at 446-48.

21    [87] Morris' Thirteenth Claim for Relief for "Obstruction of Justice" fails to state a claim for
22    relief under Rule 12(b)(6) in its entirety – there is no such state law legal cause of action.

23    [88] Complaint at ¶¶204, 204(G), 206-207; Complaint at ¶¶134, 135, 140(D).

24    [89] Complaint at ¶¶134, 135, 140(D). As a public corporation in the judicial branch, the State
      Bar is a public agency and its officers are "public officers." Cal. Govt. Code § 940.4; Engel v.
25    McCloskey, 92 Cal. App. 3d 870, 878, 881, 155 Cal. Rptr. 284 (1979). .  Hence, it is also a
      "local public entity" and its employees are "public employees" under the California Tort Claims
26    Act. Cal. Bus. & Prof. Code § 6094(a); Cal. Govt. Code §§ 811.2, 811.4, 900.4 and 940.4. The
      claims statute gives the public entity a timely opportunity to investigate, determine facts, and
27    settle meritorious claims without needless litigation. Dilts v. Cantua Elem. Sch. Dist., 189 Cal.
      App. 3d 27, 32, 234 Cal. Rptr. 612 (1987). These statutes also protect government agencies from
28    stale or fraudulent claims. Jamison v. Cal., 31 Cal. App. 3d 513, 518, 107 Cal. Rptr. 496 (1973) .

failure to comply with this requirement bars his money damages claim against the State Bar

Defendants.[90]  The State Bar Defendants, moreover, are immune from liability for injuries

caused by its suspension or revocation of Morris' bar license.[91] This immunity extends to State

Bar employees.[92]

### 7.  Morris Cannot Maintain a Class Action Claim for Relief Because He Appears Pro Se.

Morris alleges his third claim for relief for Title II ADA violations is a class action. Morris,

appears pro se and is in custody in the Fresno County Jail on new criminal charges[93] and

therefore cannot represent others in a class action. A non-attorney may appear in propria persona

in his own behalf, but that privilege is personal to him and he has no authority to appear as an

attorney for others than himself.[94]

### 8.  Morris's Request for Injunctive Relief Is Improper and Should Be Denied

The Eleventh Amendment, however, does not bar prospective injunctive relief for continuing

federal law violations.[95]  Morris requests two forms of equitable relief: one retroactive, i.e.

nullification of Morris' discipline proceedings and one prospective requesting reform of the

entire State Bar discipline process.[96] The Eleventh Amendment bars Morris's request for

retroactive injunctive relief against the individually named State Bar Defendants in their official

---

[90]Compliance with the claims statute is mandatory. City of San Jose v. Sup. Ct., 12 Cal.3d
447, 454, 525 P.3d 701, 115 Cal. Rptr. 717 (1974).  See Bohrer v. Cty. of San Diego, 104 Cal.
App. 3d 155, 160, 163 Cal. Rptr. 419 (1980) ; Taylor v. Mitzel, 82 Cal. App. 3d 665, 671, 147
Cal. Rptr. 323 (1978) .

[91] Cal. Govt. Code § 818.4; Rosenthal v. Vogt  229 Cal. App. 3d 69, 75, 280 Cal. Rptr. 1
(1991).

[92] Cal. Govt. Code § 821.2 Engel, 92 Cal. App. 3d at 881.

[93] See http://www.fresnosheriff.org/InmateInfoCenter/Main.aspx , entering last name Morris,
first name Gregory.

[94] C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); see Wright &
Miller, 7A Fed. Prac. & Proc. Civ. 3d R23 (stating that "class representatives cannot appear pro
se").

[95] Id., at n.5, Edelman, 415 U.S. at 664.

[96] Complaint at ¶74.

1  capacities. The Eleventh Amendment does not bar a federal suit against State Bar Defendants for

2  prospective injunctive relief.[97]  Morris's requests that the Court issue two injunctive orders: (1)

3  an order nullifying the California Supreme Court's decision to disbar him and (2) a supposed

4  complete and total reform of the State Bar attorney discipline process with respect to those with

5  mental illness. Both requests should be denied.

6     Morris' request to be reinstated is retroactive equitable relief void under the Eleventh

7  Amendment. Under <u>Rooker-Feldman</u>, this Court cannot vacate the California Supreme Court's

8  final decision. This Court should only award injunctive relief if Morris has no inadequate legal

9  remedy, and faces irreparable harm.[98]  Morris does not face irreparable harm:  even if Morris

10  were still on involuntary inactive status, he would never be allowed to return to practice until he

11  repays the $160,000 he stole.[99]  And, to the extent that Morris truly believes he has an ADA or

12  other federal deprivation claim Morris has a legal remedy – petition for review to the United

13  States Supreme Court of the California Supreme Court's disbarment decision.

14     Granting Morris' second claim for injunctive relief would improperly truncate the State Bar's

15  role as the California Supreme Court's administrative arm and seriously impede its ability to

16  fulfill its statutory obligations, as well as allow a state court-loser to simply walk over to federal

17  court and start over. If "[A]ny injunction regarding governmental functions is generally only

18  permitted in extraordinary circumstances … as officials should be given the widest latitude

19  possible while performing their official duties."[100]

20

21

22     [97] <u>See</u> <u>Miranda B. v. Kitzhaber,</u> 328 F.3d 1181, 1187-1189 (9th Cir. 2003) [reaffirming that

23  Title II and Rehabilitation Act suits seeking injunctive relief may proceed against state officials
under *Ex Parte Young* doctrine]; see also <u>Georgia</u>, 546 U.S. at p. 160 (conc. opn. of Stevens, J.)

24  [the State "correctly chose[] not to challenge the.. . holding that Title II is constitutional insofar

25  as it authorizes prospective injunctive relief against the State"].)

26     [98] <u>See</u> <u>Pulliam v. Allen</u>, 466 U.S. 522, 537, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984).

27     [99] State Bar Rules Proc. 662(c); Title IV, Attorney Prof. Misconduct Sanctions Standard
1.5(a).

28     [100] <u>Olagues v. Russoniello</u>, 770 F.2d 791, 799 (9th Cir. 1985) (internal quotations omitted).

### 9. *Morris Fails to State a Title II Claim for Relief Because The State Bar Disbarred Morris for His Misconduct, not his Disability.*

Even if this Court were to decide that the <u>Rooker Feldman</u> doctrine does not prevent this Court from hearing Morris's Title II ADA claim for prospective injunctive relief, Morris cannot allege a Title II claim.  Title II of the ADA and Section 504 protect an individual from being *excluded from* participation in or *denied the benefits* of a service, program or activity *on the basis of his or her disability*. [101] The State Bar did not exclude Morris from bar membership or deny him the benefits of a bar license because of a qualified disability, rather, he was disbarred because of his multiple acts of misconduct.

First, the statutes protect only qualified disabilities, specifically, those that "substantially limit one or more major life activities."[102]  Morris alleges that his brain injury, Post Traumatic Stress Disorder, and aggravated Attention Deficit Disorder prevented him from meaningfully defending himself in his attorney discipline proceeding because he did not understand service of process, the significance of his discipline proceedings, how to file a motion for counsel and a motion to stay his proceedings.[103] These activities are basic fundamentals of practicing law in a litigation or courtroom setting.  Litigating is not a major life activity.[104] Morris' disability must prevent him performing either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.[105] Morris, therefore, has not alleged that he has a qualified disability.

If Morris' disability is as extreme as he alleges, Morris would no longer be a qualified individual deserving protection.[106] The ADA defines a qualified individual as someone with a

---

[101] 42 U.S.C.§§ 12131-2, 29 U.S.C. § 94(a).

[102] 42 U.S.C. § 12102, 34 C.F.R. § 104.3.

[103] Complaint at  ¶¶ 58, 68.

[104] See <u>Thompson v. Holy Family Hosp.</u>, 121 F.3d 537, 539-40 (9th Cir. 1997).

[105] 29 C.F.R. § 1630.2(j)(l)(i)-(ii).

[106] <u>See Doe v. Att'y Discipline Bd.</u>, No. 95-1259, 1996 U.S. App. LEXIS 5727 at *7-8, (6th Cir. 1996) (finding that the ADA did not protect an attorney who had suffered multiple heart attacks, and had aggravated Attention Deficit disorder because he  (1) failed to timely file

Memo of Ps &As in Support of Def's Motion to Dismiss                    07-CV-02890 EMC

1  disability who "with or without reasonable modifications to rules, policies, or practices... meets

2  the essential eligibility requirements for the receipt of services or the participation in programs or

3  activities provided by a public entity."[107] The ADA does not require that an attorney be held to a

4  lesser standard of conduct than any other attorney, it merely precludes an attorney from being

5  denied an opportunity to practice law because of his disability.[108] If an attorney's disability

6  precludes him from satisfying the most basic ethical requirements of his profession, he is not

7  qualified under the provisions of the ADA.[109] To allow such an attorney to continue to practice

8  without suspension would jeopardize our legal system and place the public at risk.[110]

9      Even if the Court were to find that he is a qualified individual with a qualified disability, the

10  State Bar did not discriminate against Morris because of his disabilities. He was disbarred

11  because he failed to comply with his discipline probations terms and breached his professional

12  duties to his clients by failing to adequately represent them, and stealing over $160,000 from

13  them.[111]

14  ### 10. Morris Fails to State a Title II Claim Because The State Bar Already Has Procedures and Policies in Place to Protect Mentally Ill Attorneys Facing Discipline Charges.

15      The relief Morris seeks, however, is completely unnecessary because such policies and

16  procedures already exist at the State Bar. Morris does not contend that his disbarment was

---

18  appellate briefs for clients; (2) failed to keep clients informed during his representation of them;
19  (3) misrepresented information to clients; and (4) accepted a fee from a client he was
    representing pursuant to a court appointment.)

20      [107] Id., citing 42 U.S.C. § 12131(2).

21      [108] Doe, 1996 U.S. App. LEXIS 5727 at *8.

22      [109] Id.

23      [110] Id.

24      [111] See Okla. v. Busch, 919 P.2d 1114, 1120 (1996) ("observing that "[w]e would be shirking

25  our duty as the guardians of the state's bar were we to permit Respondent to avoid discipline.
    Such would surely erode public confidence in the bar" and finding that attorney's ADD disability

26  -- although it may have contributed to his misconduct -- did not prevent him from being
    disciplined for failing to pursue appeals, misrepresenting status of appeals, failing to execute

27  judgment against defendant's assets on behalf of his clients) see also Fla. Bar v. Clement, 662
    So.2d 690, 700 (1995), (finding that the ADA does not prevent sanctioning attorney misconduct,

28  and disbarring a bipolar attorney who misappropriated client funds.)

accomplished inconsistent with the State Bar's statutory scheme – on the contrary, Morris is

emphatic that State Bar rules and procedure were followed in his case.  Morris, however, ignores

the fact that the State Bar already has procedures in place for when a mentally ill member facing

discipline charges may not be able to meaningfully defend themselves:

- Any discipline proceeding party or the State Bar Court may make a properly noticed written motion to abate discipline proceeding if mental illness or infirmity impairs the attorney's ability to assist in or to conduct a defense.[112]

- If an unrepresented attorney faces involuntary inactive enrollment because of mental illness, the State Bar Court will appoint an attorney at its own expense.[113]

- Abatement automatically renders an attorney involuntary inactive.[114]

- The State Bar Court can require any party to appear or furnish information concerning an abated proceeding at any time.[115]

- If the reason for abatement is no longer applicable, the State Bar Court may terminate the abatement upon noticed written motion of any party or on its own motion.[116]

The State Bar Court, however, does not have to abate discipline proceedings simply because an

attorney representing himself cannot practice law competently.[117]

In sum, the State Bar, therefore, has adequate procedures to protect mentally ill members

during discipline proceedings and affords more than adequate due process.[118] Morris cannot

allege a Title II claim based on his discipline experience.  Moreover, any damages would be

barred as the State Bar Defendants are immune from liability for the enactment of these

---

[112] State Bar Rules Proc. 117(b).

[113] Cal. Bus. & Prof. Code § 6007(b); State Bar Rules Proc. 422(a).

[114] Cal. Bus. & Prof. Code § 6007(b).

[115] State Bar Ct. Rules Prac. 1132(b).

[116] State Bar Ct. Rules Prac. 1132(c).

[117] Slaten v. State Bar, 46 Cal.3d 48, 55, 757 P.2d 1, 249 Cal. Rptr. 289 (1988).

[118] Hirsh, 67 F.3d at 713; Rosenthal, 910 F.2d at 564-565.

1  procedures.[119]

2

3  ## IV. Conclusion

4      For each of the foregoing reasons, State Bar Defendants respectfully request that the Court

5  grant the Motion to Dismiss without leave to amend. Dismissal without leave to amend is

6  appropriate in this case as amendment is futile.[120]

7      Dated:  January 30, 2008                Respectfully submitted,

8                                              MARIE M. MOFFAT
                                               LAWRENCE C. YEE
9                                              MARK TORRES-GIL
                                               DANIELLE LEE
10

11                                             By:   /s/ Danielle Lee               _____
                                                    Danielle Lee
12
                                               Attorneys for Defendants the State Bar Of
13                                             California, the State Bar Board of Governors,
                                               State Bar Lawyers Assistance
14                                             Program, and the State Bar Office
                                               of the Chief Trial Counsel
15

16

17

18

19

20

21

22

23

24  _____

25      [119] Levanti, 585 F. Supp. at 505(quasi-legislative immunity for the official act of establishing
    rules governing discipline).
26
        [120] See Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003); Saul v. United States, 928 F.2d
27  829, 843 (9th Cir. 1991) (futility justifies denial of leave to amend); see also Miller v. Rykoff –
    Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1998) (amendment is futile if no set of facts can be
28  proven under the amendment that would constitute a valid claim or defense.)

Memo of Ps &As in Support of Def's Motion to Dismiss                07-CV-02890 EMC

PROOF OF SERVICE BY MAIL

I, Kristin Ely, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On January 30, 2008, following ordinary business practice, I placed for collection for mailing at the offices of the State Bar of California, 180 Howard Street, San Francisco, California 94105, one copy of fully prepaid in an envelope addressed as follows:

Gregory Morris
*260092-0674243*
P. 0. Box *872*
Fresno, California *93712*

I am readily familiar with the State Bar of California's practice for collection and processing correspondence for mailing with the U.S. Postal Service and, in the ordinary course of business, the correspondence would be deposited with the U.S. postal mail service on the day on which it is collected at the business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California this 30th day of January 2008.


     s/Kristin Ely