Gregory Morris
1432993-0674243
P. O. Box 872
Fresno, California  93712
Attorney for Plaintiff, pro. per.

FILED
08 FEB 27 PM 1:37

UNITED   STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GREGORY MORRIS, )
    Plaintiff, )
)   CASE NO.:  C 07- 2890 PJH
)
)   MOTION FOR CONTINUANCE OF
v. )   HEARING ON DEFENDANT STATE
)   BAR OF CALIFORNIA'S MOTION
)   TO DISMISS (Fed. Rule Civ.
)   Pro. 6 (b).; Civil L.R. 6-3;
)   Civil L.R. 7-7)
STATE BAR OF CALIFORNIA AT )   DATE:  March 5, 2008
SAN FRANCISCO; et al., )   TIME:  9:00 AM
    Defendants. )   DEPT:  3
)   JUDGE:  PHYLLIS HAMILTON

    Plaintiff is incarcerated in the Fresno County Jail, awaiting trial on false felony counts, related to the same false allegations upon which plaintiff was disbarred by default. The disbarrment occured at a time when plaintiff was Mentally Incapacitated and Officially Disabled by the Social Security Administration of the United States Government. Plaintiff had not been served by the State Bar on any charges relating to mis-appropriation of fund, and only became aware of these charges, after he was incarcerated as a pre-trial detainee on criminal charges related to the same incorrect allegations. By this time, the default disbarrment, of which plaintiff was also unaware, had become final.

    In part, plaintiff seeks to unravel the fallout from the Bar's action, taken without Due Process. This action taken by the Bar, without Personal Jurisdicion, has wrongfully caused plaintiff, a disabled person, to lose his right to employment and other damages. The Bar knowing prosecuted the false charges agianst plaintiff, at a time when plaintiff was clearly Mentally Incapacitated and Disabled. Plaintiff was kept in the dark, about the ongoing State Bar prosecution, and intentionally not personally served with Process, regarding the State Bar Proceedings, even though the State

1   Bar of California was fully aware of plaintiff's whereabouts and could have
2   easily served plaintiff with process.
3       Plaintiff is not able to properly respond to the State Bar's Motion
4   to Dismiss, because of his incarceration, as a pre-trial detainee, on the
5   false charges arising out of the allegations of mis-appropriation made
6   by the State Bar, on incomplete information, that resulted from the Bar's
7   conduct in forcing theses serious and false allegations through the system,
8   at a time when plaintiff was not only unserved and unaware of the sweeping,
9   false inflamitory charges, but also Mentally Incapacitated and Disabled.
10      Plaintiff is expected to be tried on the 28 felony charges related
11  to the same allegations of mis-appropriation, in May of 2008. Plaintiff
12  will therefore be released sometime in June of 2008. Plaintiff will
13  be able to research and respond to the Motion by August, 2008 and
14  requests that the Court set the hearing date on defendant State Bar's
15  Motion to Dismiss for a date subsequent to September 17, 2008.
16      Plaintiff's only access to legal materials is limited to a modest
17  assortment of almost exclusively criminal titles, in the tiny Fresno
18  County Jail law library. Access, even to these titles and the tiny one
19  room facility, is very limited.
20
                         POINTS AND AUTHORITIES
21
                                I.
22                  FOR GOOD CAUSE, THE COURT MAY EXTEND THE
23                  TIME DURING WHICH AN ACT MUST BE DONE UNDER
                    THE FED. RULES OF CIV. PRO.
24
        Under Federal Rules of Civil Proceedure 6, the Court may enlarge the
25
    time during which Plaintiff may respond to the Bar's Motion to Dismiss and
26
    Continue the Hearing date to a time after the plaintiff's response is due.
27
                                II.
28                  THE DISTRICT COURT FOR THE NORTHERN DISTRICT
                    OF CALIFORNIA, MAY CONTINUE A HEARING UNDER
                    RULE 7-7

                    MOTION FOR CONTINUANCE  -07-CV-2890                    p. 2

Under Civil L.R. 6-1, 6-3 and 7-7, the court may extend the time during which Plaintiff may Respond to Defendant's Motion to Dismiss, and may Continue the hearing on Defendant's Motion to Dismiss, in the Court's Discression.

Plaintiff respectfully requests the court set the hearing on defendant State Bar of California's Motion to Dismiss, to a date after September 16, 2008.

RESPECTFULLY SUBMITTED,

Gregory Morris, pro. per.

DECLARATION OF GREGORY MORRIS

I, GREGORY MORRIS, HEREBY DECLARE:

1. I am the Plaintiff in the above matter, case No. C 07-2890 PJH.

2. I am a defendant in a Criminal matter in Fresno County Superior Court, arising out of false allegations made by the State Bar of California, on incomplete information..

3. I, because of my incarceration as a pre-trial detainee, on these charges, am unable to timely respond to the within Motion to Dismiss filed by the State Bar of CAlifornia, and set for hearing on March 19, 2008.

4. The Fresno County Jail has a timy Law Library with mostly Criminal Titles, that I am able to use on a very limited basis.

5. Many of the authorities cited by the State Bar are not available at the little law library in the Fresno County Jail.

6. I am not allowed sufficent time in the little law library to allow me to research and prepare a meaningful response to the Bar's Motion to Dismiss, even if the library here at the jail, did have the proper authorities and titles to respond to the Bar's Motion.

7. My trial on the Fresno County charges, related to the Bar's allegations is anticipated to take place in May of 2008.

8. I will be released and able to prepare a Response to the Bar's Motion to Dismiss in August 2008 and able to appear in Court on the hearing of the Motion to Dismiss by the estimated date of September 16, 2008, or any date thereafter.

9. I mailed the attached letter requesting State Bar counsel to stipulate to a continuance of the hearing on the Motion to Dismiss, but due to my incarceration, do not know what their response will be.

10. If I am forced to respond without having adequite resources and time to properly research and prepare an Opposition to the Bar's Motion

MOTION FOR CONTINUANCE  07-CV-2890

to Dismiss, I will be unable to properly address the issues raised by the State BAr of California's Motion to Dismiss, yet I firmly believe many of the points made by the Bar to be wholly without merit, and believe the action the Bar requests the Court to take with regard to the Motion, to be improper.

11. No prior requests for Continuance have been made.

12. I do not know what effect the Continuance of the hearing on the Bar's Motion to Dismiss, will have on the schedualing of hearings and dates for this case, if any.

13. It is believed that the continuance will have little or no effect on future schedualing, since some of the parties have still not been served by U. S. Marshall's Office. Plaintiff has had difficulty supplying addresses to the U. S. Marshall's office, due to the limitations associated with plaintiff's incarceration, while fighting the criminal charges related to the Bar's allegations.

14. This Motion for Continuance is not made for the purpose of harassment or unnecessary delay.

I declare under penalty of perjury that the foregoing is true and correct and that this is exicuted in Fresno California on February 20th, 2008.

02/20/08

Gregory Morris, pro. per.

Gregory Morris
1432993-0674243
P. O. Box 872
Frenso, California  93712

Exhibit A
(Copy)

02/15/08

Office of General Counsel
180 Howard Street
San Francisco, California  94105

    ATTENTION:

        REGARDING:  Gregory Morris v State Bar of California, Motion to
                     Dismiss.

Dear Bar Counsel:

    I am in reciept of your Motion to Dismiss.  I am currently incarcerated fighting charges, in the Fresno County Jail.  Given the limited resources available to me at the jail, it would be impossible for me to respond to your Motion to Dismiss, while I am incarcerated.

    At this point, I feel it would be best to continue your Motion, until after my trial in Fresno.  It is anticipated that my cases in Frenso will be over by June, 2008.  I will need some time to research and prepare the opposition, even after I am released from County Jail.

    If it is acceptable to you, can we continue your Motion to sometime in late August or early September, 2008 pursuant to Local Rule 7-7?

    Thank you for your anticipated cooperation and courtesy in this matter.

    Very truly yours,


    Gregory Morris

    P. S.  Any date after August of 2008, is fine with me.

## PROOF OF SERVICE

I hereby declare that I am over the age of 18 years of age, a resident of the State of California and not a party to the within cause of action. That on this date I did cause a true and correct copy of:   Plaintiff's Motion to Continue Defendant State BAr of California's Motion to Dismiss

to be served on the parties to the action by:

☒ depositing same in the U.S. Mail with first class postage prepaid and addressed as follows:

Office of General Counsel
State BAr of California
180 Howard
SAn Francisco, California  94102

Gregory Myers
1130 E. Shaw  #200
Fresno, California  93710

☐ delivering same in person to the address as follows and placing into the control of the below listed party or representative:

☐ by faxing said document to the following telephone number:

Executed this 20th day of February, 2008, under penalty of perjury in Fresno, California.

_____
Declarant

Gregory Morris
H32863-0274843
P.O. Box 8))
Crescent City, California 43712

CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
CIVIL LAW AND MOTION DEPARTMENT
450 Golden Gate Ave
San Francisco, Ca. 94102-3483