MARIE M. MOFFAT (62167)
LAWRENCE C. YEE (84208)
MARK TORRES-GIL (91597)
DANIELLE A. LEE (223675)
**STATE BAR OF CALIFORNIA**
**OFFICE OF GENERAL COUNSEL**
180 Howard Street
San Francisco, CA 94105-1639
Telephone: (415) 538-2339
Fax: (415) 538-2321
Email: danielle.lee@calbar.ca.gov

Attorneys for Defendants The State Bar
Of California, State Bar Board of Governors,
Lawyers Assistance Program

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA (San Francisco)

| | |
|---|---|
| GREGORY A. MORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>STATE BAR OF CALIFORNIA, et al.<br><br>    Defendants. | **State Bar Defendants' Objection and Opposition to Plaintiff's Motion for Continuance of Hearing on Defendant State Bar of California's Motion to Dismiss**<br><br>Case No. 3:07-cv-02890-PJH<br><br>Date:    March 5, 2008<br>Time:    9:00 a.m.<br>Place:   Courtroom 3, 17th Floor<br>Judge:   Hon. Phyllis J. Hamilton |

**DEFENDANTS STATE BAR OF CALIFORNIA, STATE BAR BOARD OF GOVERNORS AND STATE BAR LAWYERS ASSISTANCE PROGRAM**[1] hereby submit this objection and opposition to Plaintiff Gregory Morris' Motion for Continuance of Hearing on Defendant State Bar of California's Motion to Dismiss.[2] State Bar Defendants object to Morris' Continuance Motion on the following grounds: Morris does not have good cause for an extension of time. State Bar Defendants, therefore, object to and oppose changing the hearing date for their Motion to Dismiss.

---

[1] "State Bar Defendants."

[2] "Morris' Continuance Motion."

1

### I. Morris Does Not Have Good Cause For a Continuance.

State Bar Defendants are entitled to have this action proceed in a timely fashion and have the court hear the motion that they believe will resolve this case in their favor. To that end, State Bar Defendants are willing to agree to waive oral argument and submit their Motion to Dismiss on briefing alone, or, alternatively, State Bar Defendants suggest that this Court can allow Morris to appear by telephone. Morris already has access to a law library that has enabled him to file his complaint and prepare his continuance motion. That Morris' incarceration prevents him from going to other law libraries besides the one he already has access to or from appearing at the March 19, 2008 hearing is not good cause for a continuance. That is because Morris has no absolute right to be at that hearing. In Simmons v. Sacramento County Superior Court,[3] an inmate filed a section 1983 claim against the judge who dismissed his personal injury lawsuit and the sheriff who refused to transport the inmate who was in custody on unrelated charges. The Ninth Circuit held that a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim, and the sheriff's failure to transport him for trial was an incidental and perfectly constitutional consequence of incarceration.[4]

Nor did the sheriff's failure to transport Simmons – a pretrial detainee, just like Morris – violate substantive due process: "[k]eeping detainees in jail, rather than transporting them to court dates unrelated to their criminal charges or conditions of confinement, serves a legitimate penological interest."[5]

The State Bar Defendants have timely noticed and filed a motion to dismiss. This Court should not require them to wait for seven months for hearing on their motion so Morris can address his other legal matters.

---

[3] 318 F.3d 1156 (9th Dist. 2003.)

[4] Id. at 1160, referring to Lewis v. Casey, 518 U.S. 343, 354-55, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

[5] Id.

2

Lee Decl. in Support of State Bar Defs'
Obj. and Opp. to Morris Cont. Mot.                                    07-CV-02890 PJH

### A. This is Morris' Third Request for a Continuance.

Morris improperly represents that he has made no previous continuance requests.[6] In fact, this appears to be Morris' third request for a continuance in this lawsuit. Shortly after filing this lawsuit in June of 2007, Morris filed a motion to extend time and other miscellaneous administrative relief.[7] Morris then filed a letter in January of this year requesting an extension of time to serve all defendants based on his custody status.[8] This is therefore his third request for a continuance in this case.[9]

### B. Morris' Custody Status Is Not Good Cause For a Continuance.

The fact that Morris faces criminal charges does not mean he must remain incarcerated pending his state criminal trial.[10] Morris does not provide this court with any information on why he expects to remain incarcerated. Morris appears to have been in custody when he filed the lawsuit.[11] His current custody status does not amount to any change in his status that would warrant a continuance, much less one for half a year. Morris also assumes that he will be released after his trial is over. If he is convicted, Morris may spend substantially more amount of

---

[6] Morris Continuance Motion, Declaration of Gregory Morris at ¶11, hereinafter "Morris. Decl."

[7] See this Court's PACER docket entry #4. All further court records in this file are hereinafter referred to as "PACER Docket Entry."

[8] PACER Docket Entry #17.

[9] Morris' motion contains several technical defects: First, Morris improperly noticed an expedited unauthorized hearing for his motion. Civil Local Rule 6-3 only allows this Court to order a hearing on a motion to extend time, and does not provide for an expedited hearing. Morris' hearing date falls a little over one week from the day State Bar Defendants received the motion. See Declaration of Danielle Lee in Support of State Bar Defendant's Motion to Dismiss, filed herewith, at ¶3, hereinafter "Lee Decl." Second, Morris' Continuance Motion, as originally served on State Bar Defendants did not contain the required proposed order, nor his attachment. Civil L. R. 6-3. Third, Morris improperly served his Continuance Motion by regular mail in a case designated for e-filing. Lee Decl. at ¶3; General Order 45, Section IX, subsection (A).

[10] Cal. Penal Code §§ 1270.5, 1271, which entitles a defendant to bail as a matter of right, unless charged with a capital offense.

[11] PACER Docket Entry #10; Lee Decl. at ¶4, Exh. A. Morris appears to have been less than forthcoming with this court about his current pending criminal charges, which include vehicle code violations and felony health and safety code violations, as well indications that Morris has higher bail amounts from bench warrants issuing as a result of Morris' failure to appear at his criminal court dates. Id.

3

Lee Decl. in Support of State Bar Defs'
Obj. and Opp. to Morris Cont. Mot.                                    07-CV-02890 PJH

time in custody before he is released.  Morris cannot expect State Bar Defendants to wait in perpetuity until he is released.

Additionally, Morris does not simply require the time he outlines for his felony criminal charges to be resolved.  After stating that he expects his release in June of 2008, he then asks for almost two months to prepare his opposition, almost three times the amount of time required by the Local Rules.[12]

## C. State Bar Defendants would be prejudiced by a seven-month delay.

State Bar Defendants are currently subject to the costs of discovery and litigation in defending this suit.[13]  State Bar Defendants believe these costs are needless because they believe they have meritorious jurisdictional and immunity arguments that prevent Morris from suing them at all.[14]

## II. Conclusion.

Morris believes the State Bar's Motion to Dismiss does not have merit.[15] The State Bar Defendants believe Morris' suit does not have merit.  The purpose of State Bar Defendants' timely Motion to Dismiss is to begin resolving those conflicting positions.  If Morris was not ready to respond to State Bar Defendants' Motion to Dismiss, he should not have executed service of summons on State Bar Defendants, who were then required to file an answer or other

//
//
//
//

---

[12] Morris Continuance Motion, p. 2, lines 13-16; Civil L.R. 7-3(a). In reality, Morris does not know when he will be released: in his second continuance request, Morris stated that his trial was scheduled for March of 2008 and he expected to be released shortly thereafter. PACER Docket Entry #17.

[13] Lee Decl. at ¶4.

[14] See, generally, State Bar Defendants' Motion to Dismiss and supporting papers, already on file with this court.

[15] Morris Decl. at ¶10.

4

Lee Decl. in Support of State Bar Defs'
Obj. and Opp. to Morris Cont. Mot.                                                    07-CV-02890 PJH

response 20 days thereafter.[16] Morris has not demonstrated good cause for any continuance. Because State Bar Defendants will be prejudice by litigation costs and needless delay, State Bar Defendants ask this court to deny Morris' Continuance Motion in its entirety.

Dated:  February 28, 2008

Respectfully submitted,

MARIE M. MOFFAT
LAWRENCE C. YEE
MARK TORRES-GIL
DANIELLE LEE

By:  /s/ Danielle Lee
Danielle Lee

Attorneys for Defendants the State Bar of California, the State Bar Board of Governors, and State Bar Lawyers Assistance Program

---

[16] Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

5

Lee Decl. in Support of State Bar Defs'
Obj. and Opp. to Morris Cont. Mot.                                              07-CV-02890 PJH