MARIE M. MOFFAT (62167)
LAWRENCE C. YEE (84208)
MARK TORRES-GIL (91597)
DANIELLE A. LEE (223675)
**THE STATE BAR OF CALIFORNIA**
**OFFICE OF GENERAL COUNSEL**
180 Howard Street
San Francisco, CA 94105-1639
Telephone: (415) 538-2339
Fax: (415) 538-2321
Email: danielle.lee@calbar.ca.gov

Attorneys for Defendants The State Bar
Of California, State Bar Board of Governors,
Lawyers Assistance Program

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA (San Francisco)

| | |
|---|---|
| GREGORY A. MORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>STATE BAR OF CALIFORNIA, et al.<br><br>    Defendants. | REPLY BRIEF IN SUPPORT OF STATE BAR DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 3:07-cv-02890-PJH<br><br>Date:     NONE<br>Time:     NONE<br>Place:    Courtroom 3, 17th Floor<br>Judge:   Hon. Phyllis J. Hamilton |

Defendants the State Bar of California, the State Bar Board of Governors, and the State Bar

Lawyer's Assistance Program,[1] hereby submit this reply brief in support of the State Bar

Defendants' motion Plaintiff Gregory A. Morris'[2] complaint against the State Bar Defendants.

## I. Introduction.

In his opposition, Morris appears to concede that the causes of action in his complaint that

are alleged against the State Bar Defendants are all barred by the objections raised in the State

Bar Defendants' motion to dismiss. To the extent that Morris professes to be able to amend his

complaint to adequately allege Title II ADA violations or Section 1983 or 1985 violations

---

[1] Hereinafter referred to as the "State Bar Defendants." The Lawyers Assistance Program is also referred to as LAP.

[2] Hereinafter referred to as Morris.

1

against the State Bar Defendants, nothing in his opposition would suggest that he can do that in a way that would not be barred by the State Bar's Eleventh Amendment immunity, the <u>Rooker-Feldman</u> doctrine,[3] judicial immunity, res judicata and collateral estoppel. While Morris avers that he will sue State Bar officials under <u>Ex Parte Young</u>[4] in order to avoid Eleventh Amendment immunity, there is no <u>Ex Parte Young</u> exception to <u>Rooker-Feldman's</u> inextricably intertwined doctrine, and Morris' purported general challenges are based on how general State Bar rules were applied to *his* discipline proceedings, which is why <u>Rooker-Feldman's</u> inextricably intertwined doctrine applies. This Court, therefore, should dismiss Morris' lawsuit against State Bar Defendants in its entirety.

## II. Argument

**A. The Claims, Parties and Relief that Morris Does Not Dispute Should Be Dismissed from this Lawsuit with Prejudice.**

Morris concedes the issue of the State Bar's Eleventh Amendment immunity in his opposition.[5] The State Bar, therefore, should be dismissed as a party to this lawsuit with prejudice. Morris, moreover, states that he is not bringing any state law claims against the State Bar Defendants. Claim Thirteen – and any other state claim that could be read in the complaint to apply to the State Bar Defendants – should be dismissed against all State Bar Defendants with prejudice. To the extent that Morris alleges a Rehabilitation Act claim against the State Bar Defendants in Claims Two and Three, that claim should be dismissed because the State Bar does not receive federal funding; Morris failed to allege this requisite in his complaint and does not dispute this fact in his opposition. Additionally, Morris states that he will not seek class action status until he retains counsel; claim three, therefore, should be dismissed because it essentially repeats Claims One and Two as a class action. Morris avers that he will proceed under <u>Ex Parte</u>

---

[3] <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923), and <u>D.C. Ct. of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

[4] 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).

[5] Morris Opp. at 1:15-21.

1   Young against the State Bar officials in their official capacity; however, as explained below, any

2   such action for damages or injunctive relief is still jurisdictionally barred.[6]

3   **B. Morris Cannot State a Claim for Relief for Either a Section 1983 or Title II Claim
       against any State Bar Defendants  – Current  or Proposed – for a Violation of Section 1
4      of the Fourteenth Amendment for Damages.**

5   Morris misapplies the effect of the Supreme Court's decisions in United States v. Georgia, [7]

6   and Tennessee v. Lane, to the Ninth Circuit's Hason v. Medical Board of California.[8]  Hason

7   should be read to have been curtailed by the Georgia and Lane decisions.  The Ninth Circuit did

8   not have the benefit of these Supreme Court decisions that said that Congress had overstepped its

9   section 5 authority when it attempted to abrogate Eleventh Amendment immunity for damages

10  because Title II of the ADA provides more broad protection than does section 1 of the

11  Fourteenth Amendment.  Morris cannot make a section 1 claim for violations of ***substantive*** due

12  process or equal protection -- the United States Supreme Court has already held that there is no

13  heightened scrutiny for an equal protection claim as a disabled or mentally ill person.[9]  Nor have

14  the facts that Morris alleged given this court any scenario that would violate substantive due

15  process.[10]  Morris, therefore, has no basis for a Fourteenth Amendment, section 1 damages

16  claim, either a section 1983 or Title II violation.

17

18

19  ───────────────

20   [6] Edelman v. Jordan, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Hafer v.
     Melo, 502 U.S. 21, 24-25, 112 S. Ct. 358, 361-62, 116 L. Ed. 2d 301 (1991); Pena. Gardner, 976
21   F.2d 469, 472 (9th Cir. 1992) (same).

22   [7] United States v. Georgia, 546 U.S. 151, 159, 126 S. Ct. 877, 163 L. Ed. 2d 650 (2006).

     [8] Hason v. Medical Bd. of Cal., 279 F.3d 1167 (9th Cir. 2002) and Phiffer v. Colum. River
23   Corr. Inst., 384 F.3d 791 (9th Cir. 2004).

24   [9] Addington v. Texas, 441 U.S. 418, 99 S. Ct. 1804 60 L.Ed.2d 323 (1979) and its progeny
     are inapplicable – Addington involved the level of proof required to civilly commit a mentally ill
25   person – a procedural due process question. Id. at 421-22.  Garrett addresses mentally ill persons
     with regard to an equal protection claim. See Bd. of Trust. of Ala. v. Garrett, 531 U.S. 356, 121
26   S. Ct. 955, 148 L. Ed. 2d 866 (2001).

27   [10] Georgia, 546 U.S. at 158: "'In [§ 5] Congress is expressly granted authority to enforce ...
     the *substantive provisions* of the Fourteenth Amendment' by providing actions for money
28   damages against the States," citing Fitzpatrick v. Bitzer, 427 U.S. 445, 456, 96 S.Ct. 2666, 49
     L.Ed.2d 614 (1976) (emphasis added).

**3**

C. **Rooker-Feldman's Inextricably Intertwined Doctrine Bars Morris' Claims.**

Morris ignores the second part of the Rooker-Feldman doctrine – the part that in particular applies to Morris' case – the inextricably intertwined doctrine. [11] Morris makes only two identifiable general facial challenges to the State Bar rules and procedure –first, that he was not provided actual notice of his disciplinary charges. Second, Morris takes issue with State Bar Rule of Procedure 117 which grants discretion to the State Bar Court to determine and abate disciplinary proceeding for individuals alleging mental illness, in contrast to Rule 118 which abates proceedings as a matter of course when attorneys facing misconduct are in on active military status. [12]

However, the only example Morris gives of these two facially "general" challenges – in Morris' view – improper, is *his* own case. [13] Morris' mantra is that the findings of the State Bar Court in his case were incorrect [14] and that *he* had no actual notice or opportunity to be heard in his own discipline case. That Morris requests review of these state bar rules as applied to *his* case is what makes his case inextricably intertwined with his alleged general challenges:

> To the extent that …Feldman mounted a general challenge to the constitutionality of Rule 46 I(b)(3), … the District Court did have subject matter jurisdiction over their complaints…. [However,] [i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision.   This the District Court may not do… [15]

While it is true that both the Ninth Circuit and the United States Supreme Court have held that the Rooker-Feldman doctrine has been taken beyond their original intent, Rooker-Feldman's

---

[11] Rooker, 263 U.S. at 413;  Feldman, 460 U.S. at 482-83.

[12] Morris Opp. at 29:7-15, 39:2-15.

[13] Mothershed v. Justices of Sup. Ct., 410 F.3d 602 (9th Cir. 2005) (dismissing action on Rooker-Feldman grounds concluding that district court lacked subject matter jurisdiction to hear plaintiff's allegation that defendants' failed to properly apply State Bar rule to **his** own disciplinary action). See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84,125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) (federal complaints that invite review and reversal of unfavorable state-court judgments out of bounds.). 28 U.S.C. §§ 1257, 1291, 1331. See MacKay v. Nesbett, 412 F.2d 846 (9th Cir. 1969); Craig v. State Bar of Cal., 141 F.3d 1353 (9th Cir. 1998).

[14] Morris Opp at 60:11-13.

[15] Feldman, 460 U.S. at 483.

4

original application was to an attorney regulatory matter – bar admissions.  In <u>Noel v. Hall</u>,[16] the Ninth Circuit – while striking down the inextricably intertwined doctrine's applicability to an unrelated area, pointed out that <u>Rooker-Feldman's</u> inextricably intertwined doctrine was likely to continue to apply to:

> cases in which the state court both promulgates and applies the rule at issue – that is, to the category of cases in which the local court has acted in both legislative and a judicial capacity--and in which the loser in state court later challenges in federal court both the rule and its application….. Cases involving…bar admissions…and attorney disciplinary rules … fall into this category.[17]

In sum, Morris' case is exactly the kind of case to which the <u>Rooker-Feldman</u> – including its inextricably intertwined doctrine – was intended to apply:  the State Bar both promulgates its Rules of Procedure, and then applies them in State Bar Court.  This court, therefore, should find that <u>Rooker-Feldman's</u> inextricably intertwined doctrine jurisdictionally bars this court from hearing Morris's claims against the State Bar Defendants.[18]

### D. Morris Still Cannot State a § 1983 Federal Right Deprivation For His Lawyers Assistance Program Participation.

In his opposition, Morris failed to provide this court with any legal authority that would give Morris a fundamental right to participate in the LAP program.  Morris, moreover, fundamentally misstates the purpose of the LAP:  LAP's function is to help attorneys seek assistance to get treatment for their substance abuse and mental illness problems so they can return to the practice of law,[19] not to return them to competency for their discipline proceedings.  LAP and State Bar Court discipline proceedings are distinct State Bar functions, and LAP participation does not relieve Morris – or any other attorney facing discipline proceedings –of any of his discipline proceedings responsibility.[20]  The timing as to when Morris was in LAP, moreover, is irrelevant.

---

[16] 341 F.3d 1148 (9th Cir. 2003)

[17] <u>Id.</u> at 1158, citing <u>Tofano v. Supreme Court of Nevada</u>, 718 F.2d 313 (9th Cir.1983) (involving a Nevada rule establishing a passing grade on the state bar examination) and <u>Partington v. Gedan</u>, 961 F.2d 852 (9th Cir.1992) (involving a litigation rule).

[18] <u>Id.</u> at 1158;  <u>Feldman</u>, 460 U.S. at 483.

[19] Cal. Bus. & Prof. Code § 6230.

[20] Cal. Bus. & Prof. Code §6232(c); Lawyers Asst. Prog. Rule II, §3, Rule V.

Reply Brief in Support of Def's Motion to Dismiss                                07-CV-02890 PJH

1    Any delay in the treatment would, at most constitute some kind of tort, and Section 1983 was not

2    intended to be a general tort statute and such claims are insufficient as a matter of law to

3    establish a federal due process violation.[21] There is, therefore, no amendment or factual

4    allegation that Morris could make to create an actionable section 1983 claim nor 1985 conspiracy

5    claim against LAP. His section 1983 and 1985 claims against LAP should therefore be dismissed

6    with prejudice.

7    **E.  Res Judicata and Collateral Estoppel Bar Morris's Claims That He Did Not Receive
      Actual Notice of his Discipline Proceedings and that He Was Too Mentally Infirm to
8      Participate in his Discipline Proceedings.**

9         In his opposition, Morris ignores that the State Bar Defendants point out that he has already

10   raised the issue of not having received actual notice of his disciplinary notices, and Morris's

11   argument that his mental health was too poor to allow him to effectively participate in his

12   discipline proceedings.   The Hearing Department heard these arguments in Morris' second

13   motion to vacate his default proceedings,[22] and already made the determination that Morris had

14   received sufficient notice, and that his mental health problems did not warrant vacating his

15   default proceedings.  That is why res judicata and collateral estoppel preclude Morris from

16   relitigating the sufficiency of his notice, and the effect of his mental illness on his disbarment

17   proceedings.[23]

18
     **F.  Morris Cannot Amend to Successfully State a Title II or § 1983 Claim for Relief for His
19     Discipline Proceedings.**

20        Morris has offered this court no grounds for his Title II ADA claim or his section 1983 causes

21   of action– he makes no response to the State Bar Defendants' demonstration to this court in its

22

23        [21] Baker v. McCollan, 443 U.S. 137,146, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979); Daniel v.
24   Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Giannini v. Real, 911
     F.2d 354, 359 (9th Cir. 1990).

25        [22] See RJN, Exhibits D and E.

26        [23] See People v. Barragan, 32 Cal.4th 236, 252-53, 83 P.3d 480, 9 Cal. Rptr. 3d 76 (2004).
     See Gupta v. Thai Airways, Int'l, LTD, 487 F.3d 759, 765 (9th Cir. 2007); see also 28 U.S.C. §
27   1738. See Vandenberg v. Sup. Ct., 21 Cal.4th 815, 828, 982 P.2d 229, 88 Cal. Rptr. 2d 366
     (1999).Bostick v. Flex Equip. Co. Inc., 147 Cal. App. 4th 80, 97, 54 Cal. Rptr. 3d 28 (2007)
28   (internal quotations marks omitted). Los Angeles Airways, Inc. v. Hughs Tool Co., 95 Cal. App.
     3d 1, 6-7, 156 Cal. Rptr. 805 (1979).

Reply Brief in Support of Def's Motion to Dismiss                    07-CV-02890 PJH

1  moving papers the Ninth Circuit has already held in Rosenthal and Hirsh that the California State

2  Bar disciplinary system provides procedural due process [24] and that the State Bar already has

3  procedures in place to protect mentally ill disabled attorneys during discipline proceedings.

4  Morris' general challenge to a discretionary approach to accommodating mentally ill attorneys,

5  moreover, has no merit. To the contrary, State Bar Defendants might violate Title II if they did

6  not take an individualized approach to attorneys with mental illness: the Americans with

7  Disabilities Practice and Compliance Manual states that it is essential for licensing agencies to

8  make an individualized assessment with regard to mental illness in order to achieve the ADA's

9  goal protecting disabled individuals from discrimination based on prejudice, stereotypes, or

10  unfounded fear, while giving appropriate weight to legitimate concerns to protect the public and

11  integrity of the licensing system. [25]

12      Each and every time Morris proposes to this court that he can amend his complaint to state a

13  claim for relief, Morris merely recites that he will allege causes of action against individuals who

14  violated his ADA, federal constitutional and statutory rights under color of law, without ever

15  naming a single individual.[26] Morris, for example, insists he will allege an actionable Title II

16  ADA claim against LAP, [27] Morris does not make any kind of identifiable allegation that LAP

17  denied him services on account of his mental illness or disability.  Morris should have

18  demonstrated to this court in his opposition that he could amend his complaint to state a cause of

19  action against any of the State Bar Defendants in order for him to survive the State Bar

20  Defendants' Motion to Dismiss.  Having failed to do that, Morris should not be allowed to file a

21  proposed amended complaint.

22      The Eleventh Amendment, as well as judicial immunity, moreover, would protect any of

23  Morris' proposed amendments to add the individual members of the board of governors,

24

25  [24] Rosenthal, 910 F.2d 961, 964-65 (9th Cir. 1990); Hirsh, 67 F.3d 703, 713 (9th Cir. 1995)
   (California's disciplinary procedures provide adequate opportunity for judicial review of federal

26  claims).

   [25] See e.g., Americans with Disabilities: Practice and Compliance Manual §2:78 (2007).

27  [26] Morris Opp. at 11:25-28, 12:2-7, 18:11-24, 19:2-3, 23:9-17, 24:1-7, 33:15-22, 45:10-26,

28  46:2-28, 47:2-13, 52:16-19, and 53:2-10.

   [27] Morris Opp. at 33:15-22.

**7**

1  individual prosecutors, and individual investigators.[28]    That is why this sort of amendment is

2  futile.[29] Rule 12(b)(6), therefore still requires dismissal of Morris' Title II and section 1983

3  claims against the State Bar Defendants.

## III. Conclusion

5      The time for Morris to show this Court that it is possible for him to amend his complaint to

6  state a valid cause of action against State Bar Defendants has passed.  Morris' inconsistent and

7  incoherent factual allegations in his opposition reveal no set of facts that would entitle him to

8  relief.  Even when pieced together, they are factually contradicted by what he told the State Bar

9  Hearing Department during his discipline proceedings.[30] Morris' fundamental goal is for this

10  court to overturn his disbarment proceedings, which is why Rooker-Feldman's inexorable

11  intertwined doctrine prevents this court from hearing his complaint.  Lastly, State Bar

12  Defendants that he seeks to add, moreover, are either protected by the Eleventh Amendment and

13  judicial immunities outlined in the State Bar Defendants' moving papers, or are entities that have

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

---

[28] Peterson v. Jensen, 371 F.3d 1199, 1201-02 (9th Cir. 2004); Chappel v. Robbins, 73 F.3d 918, 920 (9th Cir. 1960). Hirsh, 67 F.3d at 714-15; Levanti v. Tippen, 585 F. Supp. 499, 504 (S.D. Cal. 1984); Clark v. Wash., 366 F.2d 678, 681 (9th Cir. 1966). Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000).

[29] See Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991); see also Miller v. Rykoff –Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1998).

[30] See, e.g., RJN, Exhibit D at pp. 1-2.

8

1  no duty to him and cannot deprive him of a federal right. Morris' complaint should be dismissed

2  with prejudice.

3      Dated: April 4, 2008                        Respectfully submitted,

4                                                  MARIE M. MOFFAT
                                                   LAWRENCE C. YEE
5                                                  MARK TORRES-GIL
                                                   DANIELLE LEE
6
                                           By:   /s/ Danielle Lee____          _____
7                                                  Danielle Lee

8                                                  Attorneys for Defendants
                                                   the State Bar of California,
9                                                  the State Bar Board of Governors,
                                                   and State Bar Lawyers Assistance Program

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Reply Brief in Support of Def's Motion to Dismiss                07-CV-02890 PJH

PROOF OF SERVICE BY MAIL

I, JoAnn Wray, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On April 4, 2008, following ordinary business practice, I placed for collection for mailing at the offices of the State Bar of California, 180 Howard Street, San Francisco, California 94105, one copy of

**THE STATE BAR DEFENDANTS REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

in fully prepaid in an envelope addressed as follows:

Gregory Morris
*260092-0674243*
P. 0. Box *872*
Fresno, California *93712*

I am readily familiar with the State Bar of California's practice for collection and processing correspondence for mailing with the U.S. Postal Service and, in the ordinary course of business, the correspondence would be deposited with the U.S. postal mail service on the day on which it is collected at the business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California this 4th day of April 2008.


        s/JoAnn Wray