UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY MORRIS,

    Plaintiff,

    v.

SAFECO INSURANCE CO., et al.,

    Defendants.

_____/

No. C 07-2890 PJH

**ORDER GRANTING MOTION TO TRANSFER; AND DENYING MOTION TO COORDINATE**

    Before the court is defendants City of Fresno, Fresno Fire Department, Fresno County District Attorney's Office, and Don MacAlpine's ("Fresno Defendants") motion to transfer venue to the United States District Court for the Eastern District of California ("Eastern District") pursuant to 28 U.S.C. § 1404(a). Pro se plaintiff Gregory Morris ("plaintiff") opposes the motion. Also before the court is plaintiff's administrative motion to coordinate this action with a related state court action pursuant to Civil Local Rule 3-13, which Fresno Defendants oppose. The court finds these motions suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having carefully read the parties' papers and considered the relevant legal authority, the court hereby GRANTS Fresno Defendants' motion to transfer venue, and DENIES plaintiff's motion to coordinate, for the reasons stated below.

**BACKGROUND**

    Plaintiff brought this action against multiple persons and entities, generally alleging numerous violations of his civil rights and other rights protected by federal disability laws arising out of a fire at his home and the subsequent investigation and prosecution. Fresno Defendants are merely four of the seventeen defendants originally named in the complaint.

A.    Background Allegations

Plaintiff was once an attorney admitted to the practice of law in the State of California. See Compl. ¶ 53. In 2002, plaintiff also owned a home located in Fresno, California. See id. ¶¶ 19, 90. Plaintiff's home was insured for fire damage and limited property damage/loss. Id. ¶ 216.

On August 15, 2002, there was a fire at plaintiff's home. The fire was investigated by the insurer and the Fresno Fire Department, among other persons and entities. See id. ¶¶ 14, 20, 22. Subsequent to the investigations, on August 25, 2002, plaintiff was arrested and charged with arson and insurance fraud. Id. ¶¶ 91, 96. Ultimately, after spending nearly two and one half years defending himself against these charges, the charges were dismissed in December 2004. Id. ¶ 99. Plaintiff alleges, however, that exculpatory evidence was actually discovered during the investigations into the fire at plaintiff's home, but that the various investigating persons and agencies intentionally or recklessly ignored and disregarded this evidence, with the aim of prosecuting plaintiff for insurance fraud and arson. Id. ¶ 91.

In March 2006, plaintiff commenced a state court action in San Francisco Superior Court against multiple persons and entities, generally alleging numerous violations of his civil rights and other rights protected by federal disability laws. He subsequently filed a nearly identical action in this court on June 4, 2007. On August 22, 2008, this court issued an order dismissing defendant State Bar of California ("State Bar") and several other related defendants. As a result, the only remaining defendants in this action are the Fresno Defendants as plaintiff did not serve any of the other named defendants.

On October 15, 2008, City of Fresno, Fresno Fire Department and Don MacAlpine filed a motion to transfer pursuant to § 1404(a). The Fresno County District Attorney's Office filed a joinder on October 16, 2008. Plaintiff filed an opposition on November 4, 2008. On November 12, 2008, plaintiff filed an administrative motion to coordinate this action with the related state court action pending before the San Francisco Superior Court.

2

City of Fresno, Fresno Fire Department, and Don MacAlpine filed an opposition on November 17, 2008.

**DISCUSSION**

A. Evidentiary Issues

Plaintiff submits two declarations in opposition to Fresno Defendants' motion to transfer venue, the declaration of plaintiff and the declaration of Michael McGinnis' ("McGinnis"), plaintiff's attorney in the related state court action. Fresno Defendants raise evidentiary objections to both of these declarations, which are offered for the purpose of demonstrating that transfer of venue is inappropriate. Fresno Defendants object to the admissibility of these declarations for several reasons. First, with respect to plaintiff's declaration, Fresno Defendants object to parts of the declaration on the basis that the statements either lack foundation, are not relevant, contain inadmissible lay opinion testimony, or are hearsay. Second, with respect to McGinnis' declaration, Fresno Defendants object to parts of the declaration on the basis that the statements contain inadmissible lay opinion testimony, lack foundation, are not relevant, are speculative, or are hearsay. Fresno Defendants also argue that the court should disregard McGinnis' declaration on the basis that it was untimely served upon the City of Fresno, four days after plaintiff's opposition was due. However, given that Fresno Defendants received the McGinnis' declaration on November 4, 2008, three days before they filed their reply brief, the court perceives no prejudice from the court's consideration of the McGinnis declaration in resolving this matter. Below, in the discussion on the merits, if the outcome relies on evidence that is specifically challenged, it shall be so noted and the objection resolved.

B. Plaintiff's Administrative Motion to Coordinate

Plaintiff's administrative motion seeks an order from this court "coordinating" this action with the related state court action pursuant to Civil Local Rule 3-13. In essence, plaintiff's motion amounts to a request to stay the present action so he can prosecute his related state court action. However, because plaintiff did not offer controlling authority

supporting the relief he requests, the court will deny his motion. Plaintiff's citation to Civil Local Rule 3-13 is unavailing. That rule does not authorize this court to stay the present action pending the resolution of the related state court action. Moreover, to the extent that plaintiff's motion can be construed as a request to stay this action during the pendency of the related state court action (i.e., a request for this court to abstain from its jurisdiction over the present action) pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), the court denies this request. A motion to abstain is typically brought by a defendant, not the party who sought to avail himself of federal jurisdiction in the first place. But more significantly, plaintiff has not properly raised this issue, nor has this issue been briefed by the parties.

C.      Fresno Defendants' Motion for A Discretionary Transfer Under § 1404(a)

   1.   Standard to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404( a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citation omitted); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). Thus, in considering whether to grant a motion to transfer, the district court may consider any of a number of "case-specific factors." See Stewart Org, 487 U.S. at 29; Jones, 211 F.3d at 498.

Although § 1404(a) lists three factors - convenience of parties, convenience of witnesses, and the interest of justice - rulings on motions brought under § 1404(a) can involve a number of other considerations. For example, the court can consider: (1) the plaintiff's choice of forum; (2) the parties' contacts with the forum, and the extent to which the contacts are related to the pending action; (3) access to proof; (4) the cost of litigating in the two forums; (5) the availability of compulsory process, (6) judicial economy; (7) the

court's familiarity with the governing law; and (8) the public policy of the forum state. See Jones, 211 F.3d at 498-99; Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The party requesting the transfer has the burden of showing that transfer is proper. Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

2.      Transfer of Venue to the Eastern District is Proper

Fresno Defendants maintain that transfer to the Eastern District is appropriate because: (1) Fresno would be a more convenient forum for the parties and witnesses; (2) Fresno is the forum where the events giving rise to plaintiff's claims occurred; and (3) the interest of judicial economy will be served by transferring this case to Fresno.

There are two separate requirements of § 1404(a). First, the district to which the defendant is seeking a transfer must be a place where the action originally "might have been brought," and second, the "convenience of parties and witnesses, in the interest of justice" must favor transfer. Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985).

Because it is undisputed that Fresno Defendants reside in the Eastern District, and the events giving rise to plaintiff's claims against Fresno Defendants occurred in the Eastern District, the court finds that the first requirement is satisfied as venue is proper in the Eastern District. 28 U.S.C. § 1391(b).[1] Thus, the question, then, is whether transfer to the Eastern District will enhance the convenience of parties and witnesses and will promote the interests of justice. 28 U.S.C. § 1404(a).

a.      Convenience of the Parties

While courts generally defer to plaintiff's choice of forum, Decker Coal, 805 F.2d at

---

[1] 28 U.S.C. § 1391(b) provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

843, the deference given to plaintiff's choice of forum is slight, if any, when, as here, the plaintiff's chosen forum lacks a significant connection to the events that gave rise to the complaint. See Inherent.com v. Martindale-Hubbell, 420 F.Supp.2d 1093, 1100 (N.D. Cal. 2006); see also Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (plaintiff's chosen venue is accorded substantially less deference if the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter of the litigation). In determining the weight to be given to plaintiff's choice of venue, "consideration must be given to the extent both of the defendants' business contacts with the chosen forum and of the plaintiff's contacts, including those relating to his cause of action." Pac. Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968).

      As previously noted, the events giving rise to the claims against Fresno Defendants did not occur in the Northern District; rather, the events occurred in the Eastern District. Nor has plaintiff asserted that Fresno Defendants have significant contacts with the Northern District, or that the Northern District has any connection to the events giving rise to the claims alleged against Fresno Defendants. Consequently, the court finds that little deference or consideration must be paid to plaintiff's choice of forum. While the Northern District does have an interest in protecting its residents, it has little interest in the subject matter of the litigation given that all of the specific events giving rise to the claims alleged against Fresno Defendants occurred outside the Northern District. Indeed, the only connection the Northern District has with this action is plaintiff's residency. To the extent plaintiff argues that it would be economically burdensome and inconvenient for him to litigate this matter in the Eastern District as he resides in the Northern District, lacks the resources to litigate in the Eastern District and is disabled, it would also be burdensome and inconvenient for the Fresno Defendants to litigate this matter in the Northern District as they all reside in the Eastern District. Accordingly, having considered where the operative facts giving rise to this action occurred, the parties' contacts with the respective forums, the interests of the respective forums in the subject matter of this litigation, and the parties'

6

1 inconvenience in litigating outside the forum they reside in, the court finds that this factor
2 weighs in favor of transfer.

   b.  Convenience of the Witnesses

"'The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a).'" Saleh v. Titan Corp., 361 F.Supp.2d 1152, 1160 (S.D. Cal. 2005). "Importantly, '[w]hile the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor.'" Id. "In determining whether this factor weighs in favor of transfer, the court must consider not simply how many witnesses each side has and the location of each, but, rather, the court must consider the importance of the witnesses." Id. at 1160-61. In establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance. Carolina Cas. Co. v. Data Broad. Corp., 158 F.Supp.2d 1044, 1049 (N.D. Cal. 2001). "In assessing the effect of a transfer on the convenience of witnesses, courts consider the effect of a transfer on the availability of certain witnesses, and their live testimony, at trial." Id.

  Fresno Defendants contend that the relevant witnesses in this action reside in the Eastern District; namely, the individuals employed by the County and City of Fresno that were involved in the investigation and prosecution of plaintiff following the fire at his residence. Plaintiff, for his part, contends that the majority of non-party witnesses reside in the Northern District, including several medical witnesses that will purportedly testify as to his emotional distress, activities and affairs while homeless, and his disability.[2] Although neither party has specifically identified any witnesses by name and presented a detailed description of the testimony it is anticipated that they will provide (i.e, nature and materiality

---

[2] Plaintiff asserts that non-party witnesses also reside in Orange County, Los Angeles, Sacramento, San Diego and Fresno. However, he maintains that because most of the non-party witnesses reside in San Francisco, or at least within the subpoena power of the Northern District, there is no reason to disturb his choice of forum. He further asserts that because the non-party witnesses in this action are scattered across the state, it would be more convenient to litigate this action in San Francisco given that San Francisco has more services for travelers than Fresno.

of their testimony), it is clear from the events giving rise to the claims against Fresno Defendants that the witnesses having material, first-hand knowledge regarding the seminal issues in this case reside in the Eastern District. Further, while plaintiff has generally identified various medical and non-medical witnesses that might testify as to the severity of his emotional distress (i.e., plaintiff's damages), he does not identify a single important non-party witness residing in the Northern District that would provide material testimony tending to establish a basis to impose civil liability on Fresno Defendants for the claims alleged against them in the complaint. Nor has plaintiff sufficiently established that all (or even some) of these potential witnesses would be necessary or could provide important testimony at trial. In fact, most of the non-party witnesses identified by plaintiff residing in the Northern District do not appear necessary insofar as their anticipated testimony appears cumulative. Moreover, to the extent that these witnesses will provide expert testimony, the convenience of these witnesses is given little weight. See Williams v. Bowman, 157 F.Supp.2d 1103, 1108 (N.D. Cal. 2001) (the convenience of expert witnesses is given little weight). Finally, the court notes that plaintiff has not asserted that any of the non-party witnesses he identified would not testify in Fresno or would need to be compelled to do so. To the extent plaintiff argues that the non-party witnesses residing in the Northern District would be beyond the subpoena power of the Eastern District, the court disagrees. Plaintiff erroneously assumes that the Eastern District's subpoena power could reach only those non-party witnesses who reside within 100 miles. The Eastern District's subpoena power extends throughout the state of California pursuant to Rule 45 of the Federal Rules of Civil Procedure, which provides that a subpoena may be served anywhere within the state of the issuing court if a state statute allows state-wide service of a subpoena issued by a state court of general jurisdiction. See Fed.R.Civ.P. 45(b)(2)(C). Section 1989 of the California Code of Civil Procedure authorizes such state-wide service. Thus, contrary to plaintiff's contention, the Eastern District would have the power to subpoena witnesses located in the Northern District. Because the parties have listed no

witnesses who reside outside of California, the ability to compel the testimony of non-party witnesses is thus a neutral factor in the transfer analysis.

In short, while plaintiff emphasizes the importance of various prospective witnesses located in the Northern District, whom he contends are important to his case, the scant information he has provided about these witnesses does not demonstrate any significant value in retaining venue in the Northern District. In contrast, the individuals identified by Fresno Defendants can testify to the merits of plaintiff's claims. See Williams, 157 F.Supp.2d at 1108-09 (finding that although both parties identified witnesses in both districts, defendants identified individuals that would likely testify to the merits of the lawsuit, indicating this factor weighed in defendants' favor). Accordingly, having not only considered the respective witnesses each side has identified and the location of each, but also the importance of the witnesses, the court finds that the convenience of witnesses factor weighs in favor of transfer.

c. Interest of Justice

The final factor courts consider is whether transfer will serve the interest of justice. A section 1404(a) transfer serves to " 'prevent the waste of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " Van Dusen, 376 U.S. at 616. Because the Northern District does not have a meaningful connection to the misconduct alleged against Fresno Defendants, and because the important witnesses relevant to the merits of this action reside in Fresno, the court finds that this factor weighs in favor of transfer. Lou, 834 F.2d at 739.("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration.").

d. Remaining Factors

The court has considered the remaining factors (e.g., ease of access to the evidence, familiarity of each forum with the applicable law, local interest in the controversy, cost of litigating in the two forums, the availability of compulsory process, judicial economy

9

and the public policy of the forum state) and does not find that these factors militate against transfer. First, while neither party has specifically addressed in their briefs the location of the documents relevant to this action, this factor appears to favor Fresno Defendants insofar as the investigation and prosecution giving rise to this action occurred in Fresno. However, because neither party contends that any of the relevant records are so voluminous that it would difficult to transport them as needed, this factor is neutral. Second, as both the Northern District and the Eastern District are equally familiar with California law, this factor is neutral. Third, Fresno and San Francisco both have local interests in this controversy. Plaintiff is a resident of the Northern District. This gives this judicial district a local interest in the case. However, because the Fresno Defendants all reside in Fresno and their alleged wrongful conduct giving rise to this action occurred in Fresno, the Eastern District has a greater local interest in this case. Thus, this factor favors transfer. Fourth, because neither party has submitted any evidence that the cost of litigation will differ at all, let alone significantly, depending on whether the instant action is litigated in the Northern District or the Eastern District, this factor is neutral. Fifth, as previously noted, because both the Northern and Eastern District would have the power to subpoena witnesses located in California, and because neither party has identified witnesses who reside outside of California, the factor of availability of compulsory process is neutral. Sixth, as to judicial economy, neither party specifically presented evidence on the relative congestion of the respective districts. Nor has plaintiff shown that resolution of this action in the Eastern District would be less efficient or more expensive than in the Northern District. As such, this factor does not weigh against transfer. Seventh, as both the Northern District and the Eastern District are equally familiar with California public policy, this factor is neutral.

    In sum, after considering all the relevant factors, the court finds that the balance tips sharply in favor of transferring this action to the Eastern District. This action could have been originally brought in the Eastern District, and transfer will enhance the convenience of

10

the parties and witnesses, and is in the interest of justice.

## CONCLUSION

For the reasons stated above, the court hereby GRANTS Fresno Defendants' motion to transfer venue, and DENIES plaintiff's motion to coordinate.

**IT IS SO ORDERED.**

Dated: December 19, 2008

_____
PHYLLIS J. HAMILTON
U.S. District Judge